**STATE of Missouri, Respondent,**

v.

**Dovle Cecil WADLOW, Appellant.**

No. 54403.

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1970.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

Ellsworth Cundiff, Jr., St. Charles, for appellant.

HOLMAN, Judge.

Defendant was charged with the offense of assault with intent to kill with malice aforethought under the provisions of § 559.180.[1] He was convicted of the lesser offense of felonious assault, without malice, and his punishment fixed by the jury at two years' imprisonment. See § 559.190. Defendant has duly appealed. We reverse and remand.

The point we consider dispositive of this appeal relates to the argument of counsel and therefore a brief statement of facts will suffice.

Defendant and his former wife were divorced. A daughter, Mary, 16 years old, lived with her mother. Defendant, who had remarried, had the custody of a son, Kenny, age 14. At the time of the events in question Mary was planning to marry Albert Aarons, a son of the prosecuting witness, Millie Missey. They were married on December 31, 1967.

On the night of November 23, 1967, defendant and his wife drove to various places looking for Kenny. Kenny was in a car with Mary and Albert. The cars met on the highway about three miles north of St. Charles. Both cars were stopped and defendant and Mary had a conversation concerning whether Mary had invited her father to her wedding. There was evidence to the effect that defendant, who had been drinking, became quite angry when Mary said that his mother (her grandmother) was a liar; that she got back into Albert's car and defendant tried to get to her. Millie came by in her car, saw that there was trouble, and stopped. She got between defendant and Albert.

There was testimony that defendant took out his knife and stabbed Millie in the side. Defendant and his witnesses stated that he never had a knife in his hand but that Millie had one in her hand.

The prosecuting attorney, in his opening argument, did not make any reference to the subject of punishment. The defendant's attorney in his argument did not refer to that subject. Just prior to the beginning of the closing argument of the prosecution defendant's counsel made the following request out of the hearing of the jury: "Mr. Cundiff: Your Honor, in the prosecution's opening statement [argument] they made no reference to the amount of time that they were going to ask the jury or the severity of punishment. Consequently I had no opportunity to rebut this argument. I feel it is unfair, and I am asking the Court to now instruct the prosecutor to make no reference to the length of time or the sentence which he expects the jury to impose in the final ten minutes of his closing argument. The Court: Request denied. You may proceed." In his closing argument the prosecuting attorney discussed the matter of punishment and specifically suggested that the jury find defendant guilty of assault with malice and fix his punishment at ten years' imprisonment in the penitentiary. Defendant contends that the court committed reversible error in permitting that argument under the circumstances outlined.

■ It was settled in Shaw v. Terminal R. R. Ass'n of St. Louis, Mo.Sup., 344 S.W.2d 32, 37, 93 A.L.R.2d 265, a civil case, that "[c]ounsel having the affirmative will be held to the requirement of fairly stating his essential points in the opening argument, at least to the extent that the defendant may fairly answer them; and a failure to require this will ordinarily constitute error, if the point has been properly raised at the time and preserved." And, in the case of State v. Peterson, Mo. Sup., 423 S.W.2d 825, it was held that the

---

1. All statutory references are to RSMo 1959, V.A.M.S.

rule stated in Shaw 'is applicable to the trial of criminal cases.

The Attorney General in his brief concedes that the rule is as defendant contends. He seeks to avoid a reversal, however, by contending (1) that defendant made no objection when the argument was made and (2) that the argument was not prejudicial to defendant.

It is true that defendant did not make an objection relating to this matter during the course of the final argument of the prosecuting attorney. We do not, however, consider that such was necessary. The defendant's attorney unequivocally presented his position to the court prior to the commencement of the argument and received an adverse ruling. The court did not indicate that the objection was premature and hence it would appear that defendant's attorney reasonably construed the court's statement as a ruling that the prosecuting attorney could argue punishment in his closing address. This court has heretofore ruled that "where a timely and sufficient objection has been squarely made, it is not necessary to follow up with repeated objections in order to preserve the point." Chester v. Shockley, Mo.Sup., 304 S.W.2d 831, 835. As indicated, we rule that the objection was sufficient and, since the point was also included in the motion for new trial, it has been preserved for review.

It is also contended that the argument was not prejudicial because defendant was not convicted of felonious assault with malice as suggested by the prosecuting attorney and that the punishment of two years' imprisonment was the same as the minimum provided for assault with malice. If the only offense submitted had been assault with malice, and defendant had received the minimum sentence, the contention would likely have merit but such was not the case. Here the lesser offense of felonious assault without malice, which has a minimum punishment of a fine of $100, and common assault, which has a minimum punishment of a fine of $1.00, were submitted. In that situation it cannot be said that the argument was not prejudicial. Had it not been for the plea of the prosecuting attorney that defendant be sent to the penitentiary for ten years the jury might have decided that a fine or jail sentence would have been sufficient punishment, or might have convicted him of common assault. It cannot reasonably be concluded that the argument was disregarded by the jury just because it did not convict defendant of felonious assault, with malice, and provide a punishment of ten years. We rule that the error was prejudicial.

Since the judgment must be reversed and the cause remanded for a new trial because of the error heretofore discussed, we need not consider the other contention of error briefed by defendant.

Reversed and remanded.

SEILER, P. J., and RIEDERER, Sp. J., concur.

STORCKMAN, J., not sitting.