STATE of Missouri, Respondent,

v.

Herbert Arthur BROWN, Appellant.

No. 56906.

Supreme Court of Missouri,
Division No. 1.

June 12, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for respondent.

J. Arnot Hill, Hill & McMullin, Kansas City, for appellant.

HIGGINS, Commissioner.

Herbert Arthur Brown was convicted by a jury of felonious assault with intent to rob with malice aforethought. The jury was unable to agree on defendant's punishment; the court assessed his punishment at ten years' imprisonment and rendered sentence and judgment accordingly. § 559.180, V.A.M.S.; Rule 27.03, V.A.M.R.

Appellant does not question the sufficiency of evidence to sustain his conviction; and a jury reasonably could find that at 12:30 a. m., December 27, 1970, Herbert Arthur Brown, wearing a handkerchief mask and armed with a pistol, in company with one Jones, armed with a sawed-off shotgun, entered the Pink Door Tavern, 216 West Twelfth Street, Kansas City, Jackson County, Missouri, and announced to those present that there was a "stickup." An off-duty officer shot and killed Jones during the course of the assault and Brown was captured at the scene. Brown made an oral admission to the police of his participation in the robbery attempt. Defendant denied his participation and the oral confession, and admitted his presence at the scene with the pistol which he said he was carrying for his own protection.

The sole question is whether the court erred and abused its discretion, as charged by appellant, in overruling his objection and motion for mistrial going to the State's closing argument on punishment.

Near the close of the State's opening argument the prosecuting attorney stated: "Now, this is a serious case, a case with a shotgun, a case with a pistol that was loaded with one in the chamber, an attempted robbery with the intent to kill if they needed to. And I later on will come back, at the

conclusion, and ask for a penalty sufficient to the crime and ask that this man be sent to the penitentiary for a number of years, as he should be, and as all should be who carry weapons and go in to rob, to kill, to take from someone else."

Although asserting the defense made no mention of punishment in closing argument, defense counsel did argue: "If your verdict is based on the Court's instructions and on the evidence, as you recall it from the stand, even if it is an acquittal, anything else would be a miscarriage of justice, if that's the way you arrive at your verdict. And the State cannot be a party to a miscarriage of justice. But it is possible for a defendant to lose a case, and this is an extremely serious crime punishment-wise. It starts at two years. That's the least sentence you could give. There is no maximum to it at all. It just goes on up clear to life."

Then, in final argument, the prosecuting attorney stated: "And only you—only you—can say it's serious. Because I can yell and scream from here down to Twelfth and as far as they can hear me, and the police can do what they can, but it means not one iota, and no one hears how serious it is until you say—until you say, Twenty years!"

Defendant objected to this last argument mentioning punishment "because he did not refer to it in the first half." The objection was overruled, as was the subsequent motion for mistrial.

Appellant contends the State's argument constituted unfair comment to which the defendant could not fairly reply, and that reversible error was thus committed.

The practical difficulty with appellant's position is that the prosecuting attorney did not wait until final argument to mention punishment, but did make reference to the matter of punishment in his opening argument. By such reference, he gave notice of his intention to argue further on the matter of punishment in closing argument. That

the State's opening argument was such notice is shown by the defense argument in which counsel, himself, recited the range of punishment to show the severe effect on his client of a conviction, following the main thrust of his argument which was aimed at acquittal. See State v. Hale, Mo., 371 S.W. 2d 249, 255–256 [12–16].

Viewed in this context, the argument did not constitute reversible error and is distinguished, by contrast, from the arguments found unfair and reversibly erroneous in appellant's citations: In Shaw v. Terminal R. R. Ass'n of St. Louis, Mo., 344 S.W.2d 32, plaintiff did not argue damages in opening; defendant did not then argue damages; and plaintiff's argument of damages in closing was then unfair. In State v. Peterson, Mo., 423 S.W.2d 825, the prosecutor made no reference to punishment in opening; defendant did not argue punishment; and the prosecution's closing argument for maximum punishment was then unfair. The same situation was in State v. Wadlow, Mo., 450 S.W.2d 200, with the added element of a request by the defense, following the prosecutor's, and his own, avoidance of the subject of punishment in opening, that the court instruct him not to argue the subject in closing. In State v. Fair, Mo., 467 S.W.2d 938, the prosecutor stated he was not seeking the death penalty in opening; defendant did not argue punishment; and the prosecutor's closing argument for imposition of the death penalty was then unfair. Further distinction from these authorities is presented by the jury's inaction on the issue of Brown's punishment.

Judgment affirmed.

WELBORN, C., not sitting.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.