**Paul R. BARRETT and Wanda Mae Barrett, Respondents,**

v.

**Gloria Jean MORRIS, Appellant.**

**No. 26003.**

Missouri Court of Appeals, Kansas City District.

May 7, 1973.

Don B. Roberson, Kansas City, for appellant.

Lantz P. Welch, Kansas City, James W. Jeans, Kansas City, of counsel, for respondents.

Before DIXON, P. J., and SWOFFORD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

This suit arises from an automobile intersection collision. The plaintiff-husband received a jury verdict in the amount of $18,500 damages for personal injuries suffered by him, and the plaintiff-wife was awarded $3,000 damages for loss of consortion. Defendant appeals, alleging the

following two points of error: (1) that the trial court erred in not discharging the jury or in not granting a new trial, on the ground that insurance had been unlawfully injected into the case; and (2) that a mistrial should have been ordered or a new trial granted because plaintiffs' counsel suggested a larger figure in the final portion of his closing argument than he had mentioned in the opening portion of that argument.

I

Defendant's claim concerning the "unlawful injection" of insurance has two prongs; the first of these is that prejudicial error occurred during the voir dire, and the second concerns a reference in plaintiffs' closing argument to one of defendant's medical witnesses.

A. *With respect to the voir dire.* Counsel for the parties met with the trial judge in chambers before an examination of the veniremen commenced. It was stipulated that Allstate Insurance Company was interested in the outcome of the litigation. Plaintiffs' counsel then stated that he intended to ask the jury, along with other questions, "whether or not any of them are employees of or hold policies with the Allstate Insurance Company". Defendant's counsel responded: "I will agree to one question and that's all. Beyond that question, if they are an employee of Allstate *or policyholder* of Allstate, I would make a motion for mistrial on any question beyond that * * *" (emphasis added).

Thereupon, a discussion occurred as to whether or not any policyholder of Allstate should be removed for cause, without further inquiry. In this connection the court stated "to remove any question the court will excuse any such juror for cause."

The discussion then turned to other matters, but shortly the discussion with respect to Allstate Insurance Company was again resumed by the court as follows:

"Now, yesterday the Court ruled, there was no objection, that since Allstate Insurance Company was involved that you might ask if there were policyholders. Of course, that is not a proper inquiry if anyone would object to it. If you have a corporation like that, the only inquiry can be whether or not they are officers or stockholders in the corporation, and by agreement we indicated that if anyone did mention the fact that they were an officer or stockholder that just to stop any further inquiry and the Court would excuse him for cause so there would be no occasion for further inquiry as to whether or not he could hear the evidence and arrive at a fair and impartial verdict. So I think that the Court will make that restriction."

The examination of the panel then commenced, during the course of which plaintiffs' counsel asked the following general question: "Are you or any members of your immediate family employees of or policyholders with the Allstate Insurance Company with district offices at 4820 East 63rd Street Trafficway, Kansas City, Missouri?" No objection was made to that question by the defendant, and answers were volunteered by several of the veniremen, to none of which was any objection made by defendant.

Then plaintiff's counsel turned to his next general question as to whether any member of the panel or his immediate family had ever been defendant in a lawsuit. To this, several veniremen made response, including venireman Searcy who stated that several years previously a car had pulled into his driveway and hit his car, after which one of the women claimed liability "and tried to sue my company, which at this time was Allstate." Searcy further stated that the claim was finally settled out of court, that Allstate dunned him for $97.-00, and that as a result he cancelled out everything he had with Allstate. Plaintiffs' counsel then inquired whether in view of that experience he could listen to the evidence and apply the law as given by

the court. Searcy responded "The way I feel about Allstate Insurance Company, I don't think I could." At this point the court told the jury in general terms that differences between parties are brought to court to be determined by fair and impartial jurors, that jurors should lay aside their personal experiences and should decide cases based on the evidence and the law that applies. The court concluded these remarks by saying: "But realizing your situation, Mr. Searcy, the Court will excuse you and you may report back to the jury room."

After another venireman had answered concerning being a defendant in a lawsuit, defendant's counsel approached the Bench and requested that the panel be discharged on the ground that "the question with regard to anybody being a policyholder, and how it was phrased by plaintiffs' counsel, again brought in by solicitation, whether intentional or not, too much injection of insurance in this case. * * *" Plaintiffs' counsel then inquired: "May I ask counsel to state into the record how I improperly asked the question?" Defendant's counsel responded "It went to persons who were policyholders with the Allstate; you designated it down to a district office, down to a given address, whereby that brings it in locally, 'it' being Allstate or the district office, whereas the proper question is stockholders or officers of the corporation. * * *"

■ The objection concerning designating a given street address for the Allstate district office is without merit. Haley v. Edwards, 276 S.W.2d 153, l.c. 160 (Mo. 1955). Likewise without merit is defendant's complaint about the court's emphasis on insurance by comments and ruling. This narrows the issue to whether prejudicial error occurred by reason of inquiry by plaintiffs' counsel as to whether any member of the panel or his family was a policyholder of Allstate.

■ The discussion on this subject between counsel and the court prior to the voir dire left it uncertain exactly what limitation had been agreed or imposed in Chambers with respect to interrogation which would be permitted.[1] Plaintiffs' counsel in entire good faith could have understood that the results of that conference to mean that he would be permitted to inquire whether any member of the panel was an Allstate policyholder. A good faith mistake of this type need not be cause for a mistrial. Vaeth v. Gegg, 486 S.W.2d 625, l.c. 629 (Mo.1972).

■ Even more importantly, defendant made no objection when the general question was asked concerning policy ownership. Absent timely objection, the point has not been properly preserved.

■ B. *With respect to the matter of plaintiffs' closing argument regarding defendant's medical witness.* The argument to which defendant makes objection was as follows:

"* * * Dr. Lichtor was a very glib, entertaining sort of a fellow, but I hope that it was obvious to you who he is and what he does and why he was here, why he was here for the same defense counsel the week before last, where another victim was involved."

Defendant now argues that this comment was designed so that the jury would infer that the defense was being made by an insurance company. This characterization of the comment in question is unwarranted. Moreover, the present point based on de-

1. It is unnecessary for purposes of this case to decide whether a trial court may properly permit inquiry as to whether any venireman held a policy with Allstate, a stock company. Bunch v. Crader, 369 S.W.2d 768, 770 (Mo.App.1963) does observe that "the average insured juror realizes that claims against liability carriers furnish the premium basis, and the greater the losses the higher the premiums." See also Rodenberg v. Nickels, 357 S.W.2d 551, 554 (Mo.App. 1962).

fendant's strained interpretation of the remark concerning Dr. Lichtor was not contained in the motion for new trial and therefore was not preserved for review.

The action of the trial court in declining to declare a mistrial was well within the scope of its broad discretion. *Vaeth v. Gegg*, 486 S.W.2d 625, 629 (Mo.1972); *Morris v. Duker*, 414 S.W.2d 77, 79 (Mo. 1967); *Haley v. Edwards*, 276 S.W.2d 153, 160 (Mo.1955); *Gooch v. Avsco, Inc.*, 340 S.W.2d 665, 668 (Mo.1960); *Bunch v. Crader*, 369 S.W.2d 768, 771 (Mo.App. 1963); *Rodenberg v. Nickels*, 357 S.W.2d 551, 554 (Mo.App.1962). The cases cited by defendant have all been examined and are clearly distinguishable.

## II

Plaintiffs' counsel made the usual division of his argument between an opening portion and a closing portion. In his opening argument, counsel discussed both liability and the extent of damages. With respect to damages, plaintiffs' counsel did discuss injuries generally including a claim of brain damage. However, he ended his opening argument by stating that the case presented "a starting point, $24,000, before you get into the question of anything to ascribe to a head injury, and I am going to talk to you more about that when I come back, but this is going to give counsel for the defendant, if he chooses, an opportunity to give you his approach to the question of damages, and he does, indeed, have that opportunity."

Thereupon, defense counsel made argument upon both the issue of liability and also on the question of damages. In the latter connection, defendant's counsel referred to prior injury claims made by the plaintiff-husband; he referred to the medical records and testimony in the case; and in particular, defense counsel discussed and argued the claim of brain injury, taking the position that there was no brain damage.

Following that argument for the defense, plaintiffs' counsel launched into his closing argument. At this point, he proceeded as follows: "I suggested a figure to you at the beginning of the trial and I will suggest it to you now, and that was a figure of damages for Reverend Barrett in the amount of $85,000". Defense counsel immediately objected on the ground that the $85,000 figure had not been mentioned in the opening portion of the argument and that plaintiffs' failure to do that precluded him from doing so in the closing portion of the argument.

The decision in *Shaw v. Terminal R. R. Ass'n*, 344 S.W.2d 32 (Mo.1961) establishes the rule that a plaintiff may not completely withhold all argument on the subject of damages from the opening portion of his argument and then concentrate all of his argument on that subject in the closing portion of the argument for the first time. However, that rule has no application in the present case, where there was a general discussion of damages in the opening and complaint is made only that the suggestion of the final specific dollar amount was reserved until the closing. While there is no civil case directly in point, there are criminal cases which are pertinent, since the Missouri Supreme Court has held that the Shaw rule applies equally in criminal and civil cases. *State v. Peterson*, 423 S.W.2d 825, l.c. 830 (Mo. 1968); *State v. Hale*, 371 S.W.2d 249, l.c. 255, 256 (Mo.1963).

In the Hale case, the State's counsel in opening argument did not specifically refer to the penalty to be inflicted, but did argue that the case was a serious one and that the circumstances constituted murder in the second degree. The jury had been informed by instructions that second degree murder carried a minimum penalty of ten years. Under these facts the Supreme Court held at page 256 of the opinion: "There was, therefore, an oblique or implied reference to the question of penalty in the state's opening argument, which de-

fense counsel had an opportunity to answer."

And in the case of State v. Brown, 480 S.W.2d 839 (Mo.1972) the prosecuting attorney stated near the close of his opening argument: "Now, this is a serious case, a case with a shotgun, a case with a pistol that was loaded with one in the chamber, an attempted robbery with intent to kill if they needed to. And I later on will come back, at the conclusion, and ask for a penalty sufficient to the crime and ask that this man be sent to the penitentiary for a number of years, as he should be, and as all should be who carry weapons and go into rob, to kill, to take from someone else". It was not until the final portion of the argument, after the defense counsel had finished, that the prosecuting attorney for the first time asked a specific penalty of twenty years. Defendant objected to the mention of specific penalty in the final portion of the argument because the prosecutor had not referred to it in the first half. That objection, which is substantially the same as the objection now under consideration in this case, was overruled. In affirming that ruling, the Supreme Court held as follows:

> "The practical difficulty with appellant's position is that the prosecuting attorney did not wait until final argument to mention punishment, but did make reference to the matter of punishment in his opening argument. By such reference, he gave notice of his intention to argue further on the matter of punishment in closing argument. That the State's opening argument was such notice is shown by the defense argument in which counsel, himself, recited the range of punishment to show the severe effect on his client of a conviction, following the main thrust of his argument which was aimed at acquittal. See State v. Hale, Mo., 371 S.W.2d 249, 255–256 [12–16].

> "Viewed in this context, the argument did not constitute reversible error and is distinguished, by contrast, from the arguments found unfair and reversibly erroneous in appellant's citations:"

On the basis of the Hale and Brown decisions, defendant's present contention cannot be accepted. Furthermore, the fact that defendant's counsel did make argument to the jury on the issue of damages constituted waiver of any possible objection in this regard and in itself opened the way for plaintiff to argue the question of damages. Sullivan v. Hanley, 347 S.W.2d 710, l.c. 716 (Mo.App.1961); State v. Brown, 480 S.W.2d 839, l.c. 840 (Mo.1972); Cf. Shaw v. Term. R. R. Ass'n, 344 S.W.2d 32, l.c. 37 (Mo.1961).

Under all the facts presented in this case, the ruling by the trial court declining a mistrial on the basis of the closing argument was within the broad discretion accorded him. Morris v. Duker, 414 S.W.2d 77 (Mo.1967); State v. Peterson, 423 S. W.2d 825 (Mo.1968); Conlon v. Roeder, 418 S.W.2d 152 (Mo.1967); State v. Hale, 371 S.W.2d 249 (Mo.1963); Misch v. C. B. Contracting Co., 394 S.W.2d 98 (Mo.App. 1965). The propriety of this exercise of discretion is further justified by the additional facts that plaintiffs' counsel had mentioned the final $85,000 figure in his opening statement to the jury upon voir dire (see Samborski v. Price, 417 S.W.2d 205 [Mo.App.1967]), and the still further fact that the jury's aggregate award to both plaintiffs was less than the figure mentioned by plaintiffs' counsel in the first half of his closing argument (See State v. Hale, 371 S.W.2d 249 [Mo.1963] and Conlon v. Roeder, 418 S.W.2d 152 [Mo.1967]).

The judgment is affirmed.

All concur.

SOMERVILLE, J., not participating because not a member of court at time of hearing.