**STATE of Missouri, Respondent,**

v.

**Robert Joseph FLYNN, Appellant.**

**No. 57618.**

Supreme Court of Missouri,
Division No. 1.

Feb. 11, 1974.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Assist. Atty. Gen., St. Louis, for respondent.

Gary E. Haggerty, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from judgment and sentence, on jury verdict finding Robert Joseph Flynn guilty of forcible rape and fixing punishment at 20 years' imprisonment.

Because of the limited question raised on this appeal, no recital of the details of the case is required. The state's evidence did show a forcible rape of a Kansas City woman on January 26, 1971 and that appellant was the person who committed the offense.

In the state's opening portion of the argument, the assistant prosecuting attorney, after making brief introductory comments and before reviewing the testimony, made the following statement concerning the court's instructions:

"The instructions state if you believe the facts as they come from the stand, then

you will find the defendant guilty, and you will assess his punishment at not less than two years. The maximum, of course, would be life imprisonment. In my closing argument, I will request on behalf of the State, a specific sentence from you."

The state's attorney reviewed the evidence. In closing the state's opening portion of the argument, the prosecutor made this statement:

"If you believe these facts, and you are no doubt aware of the rise of crime, and if you believe this defendant, Robert Joseph Flynn raped [name omitted], then you will find him guilty and you will assess his punishment in the Missouri Department of Corrections in order that he may be punished, and others in this city and this county, and this State, will no longer commit acts of violence such as this.

"This defendant, Robert Joseph Flynn, probably committed the most offensive act in the law. He raped a woman, he raped her in her own home. He violated the sanctity of that home. Because of that, because of the facts as you heard them from the witness stand, the State requests that you return a verdict of guilty."

Defendant's counsel in his response reviewed the evidence. He directed his argument, primarily, toward discrediting the identification testimony presented by the state and to attacking the credibility of each witness presented by the state. Defense counsel did not refer to the question of punishment.

In the state's closing portion of the argument, the prosecutor directed her remarks to the rehabilitation of those witnesses for the state. The closing comments to the jury were as follows:

"[T]he State requests that you return a verdict of guilty and that you sentence this man to twenty years in the penitentiary. The only way to punish him is to return a verdict of guilty and for you to let this

county and the State know that you will not tolerate behavior like this."

The court then excused the alternate juror, swore the bailiff and told the jury that they would retire to the jury room, select a foreman, deliberate and return a verdict. At that time counsel for the defense objected to the prosecution asking for a specified number of years in its final argument and moved the court to grant a mistrial. The court answered that had an objection been made at "the time", it would have been sustained.

The sole point of error on this appeal is that the trial court erred in refusing to order a mistrial because of the prosecutor's initial reference to a specific term of imprisonment in the closing argument. Appellant relies on State v. Peterson, 423 S.W.2d 825 (Mo.1968); State v. Wadlow, 450 S.W.2d 200 (Mo.1970), and State v. Fair, 467 S.W.2d 938 (Mo.1971), in which such argument was held reversible error. Those cases involved such an argument which was permitted to have been made over timely objection of defense attorney. Here, despite the advance notice given by the prosecutor in her opening argument of her plans for the closing argument, no objection was made until after the closing argument had been completed, the bailiff sworn and the case submitted to the jury. In such circumstances, the trial court will not be held to have erred in refusing to grant a mistrial. State v. Sinclair, 250 Mo. 278, 157 S.W. 339, 343 [6] (1913); State v. Robb, 439 S.W.2d 510, 514 [6–8] (Mo.1969).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.