**Robert Joseph FLYNN, Appellant,**

v.

**STATE of Missouri, Respondent.**
**No. KCD 27843.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Motion for Rehearing and/or Transfer
Denied March 29, 1976.

Thomas M. Larson, Public Defender, Gerald M. Handley, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

In December of 1971, the appellant was tried and found guilty of rape and sentenced to a term of twenty years. Upon direct appeal, his conviction was affirmed. *State v. Flynn,* 505 S.W.2d 48 (Mo.1974).

Appellant thereafter filed a motion under Rule 27.26 to set aside the conviction; an evidentiary hearing was held; the trial court overruled the motion; and this appeal followed.

The sole point raised by the appellant is that he was denied due process of law when the trial court found that counsel's failure to personally investigate appellant's alibi and call witnesses and present evidence in support thereof, did not deny appellant effective assistance of counsel and a fair trial.

The trial court made extensive findings of fact which, pertinent to the point here urged, found that appellant's trial counsel and his predecessor counsel had attempted to develop an alibi defense, but trial counsel, with the apparent agreement of appellant, made the decision not to assert such defense. The record testimony below has been carefully reviewed and it appears that the so-called alibi defense was obscure and nebulous at best, and it is evident that trial counsel was exercising his professional judgment as to trial strategy, in the decision not to attempt to establish that defense.

Further, in the evidentiary hearing on the motion, the appellant failed to sustain his burden of showing that on a retrial there would be substantial evidence on the alibi defense and which was not available at the trial of the original case because of any failure by counsel to investigate and interview witnesses. *Jones v. State,* 491 S.W.2d 233, 235[2] (Mo.1973); *McQueen v. State,* 475 S.W.2d 111 (Mo. banc 1971); *Mace v. State,* 452 S.W.2d 130, 132[1] (Mo.1970).

Further detail of the evidence would serve no useful purpose. The findings of fact, conclusions of law, and judgment of the trial court, are not clearly erroneous. Rule 27.26(j).

An extended opinion herein would have no precedential value. Rule 84.16(b).

The judgment is affirmed.