**STATE of Missouri, Respondent,**

v.

**Isaac BLUITT, Appellant.**

**No. 61424.**

Supreme Court of Missouri,
En Banc.

Rehearing Denied Feb. 11, 1980.

Deborah L. Steelman, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Richard F. Engel, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Chief Justice.

Appellant Bluitt was tried by a jury and convicted of first-degree robbery and kidnapping. The conviction was appealed to the Missouri Court of Appeals, Western District, which affirmed. On motion of appellant, we transferred the case to this Court where the matter has been very ably briefed and argued again.

The single point on this appeal is stated by appellant as follows: "The trial court erred in failing to declare a mistrial on the grounds that appellant was made to appear before the jury in physical restraints, over proper objection, and defendant was thereby deprived of a fully fair trial by the use of shackles and the resulting prejudice, issues upon which the state should carry the burden of proof."

The record is extremely sparse on this issue; however, it appears that on the day of trial, but prior to impaneling the jury, the appellant was in court accompanied by his court-appointed counsel. The subject of whether the appellant desired to represent himself or to allow court-appointed counsel to represent him was discussed between the judge, appellant, and counsel, which resulted in the appellant saying that he was ready to go to trial and that he would use the counsel appointed by the court. A jury panel was seated and sworn, and the court read instruction MAI–CR 1.02. After the jury was selected and sworn, the appellant approached the bench and told the judge that he did not want the court-appointed counsel to represent him in the matter. The judge appeared to be concerned that the jury would hear the conversation and so he requested the jury to return to their jury room, and recessed court. During this recess, the appellant engaged in a colloquy with the court over his objection to the use of court-appointed counsel. In the course of this discussion, the appellant made it quite clear that he was not going to permit the court-appointed counsel to represent him and that he would refuse to be tried with that court-appointed counsel under any circumstances. The judge told appellant that he was going to stay in the courtroom and the trial was going to proceed. The jury was called back to the courtroom, and as the judge attempted to read MAI–CR 1.06 he was interrupted by repeated outbursts from the appellant. A recess was called and proceedings were had out of the presence of the jury. The following is quoted from the record as it represents the only place in the trial of this case where "shackles" are mentioned.

"THE COURT: Mr. Bluitt, we're going to call the jury down now and proceed

with the trial. Do you want Mr. Cain to sit where he is and represent you through the trial? If you don't, I'll have him remain in the courtroom. I'll have him remain here at your request. But be quiet. If you rather he be in the back of the courtroom, we'll put him there, but we're going to proceed with the trial. He's announced that he's ready for trial and he's ready to defend you, so do you want him to take an active part in the trial? Is that your desire?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Bring the jury down.

MR. CAIN: Do you want me to represent you or do you want to represent yourself with me beside you?

THE DEFENDANT: I can't represent myself.

MR. CAIN: At this time, on behalf of the defendant, we would ask for a mistrial on the basis that the defendant has been brought into court in a *shackled condition* and that statements have been made in open court by the defendant that would be prejudicial to him receiving a fair trial. Therefore we'd ask for a mistrial. [Emphasis added.]

THE COURT: Overruled.

### INSTRUCTION M.A.I.–CR 1.06

This case will proceed in the following order: . . . ."

It cannot be determined from this record whether the jury ever did see the appellant in shackles nor, parenthetically, what the shackles consisted of, i. e., whether they were handcuffs or leg-irons, or something else. Although the attorney for appellant and appellant were together whenever the handcuffs or other shackles were allegedly put on appellant and had ample opportunity to object prior to appellant's appearance before the jury, there was no objection made to the procedure at that time. The statement in the motion for mistrial made by appellant's counsel does not prove itself. And even if one did assume that the appellant was at least momentarily handcuffed, that would not necessarily compel a finding that the court abused its discretion in failing to grant a mistrial, nor would it demonstrate prejudice requiring a reversal of the conviction.

One might assume that the reason the subject was not mentioned again throughout the entire trial of this case is that the problem, whatever it may have been, was promptly corrected and did not continue throughout the trial.

Under these circumstances with the state of the record as it exists in this case, it is not appropriate that the Court engage in any definitive opinion with respect to the rights and powers of a court to handcuff or shackle a defendant during the trial of a cause.

The record does not provide an evidentiary basis upon which appellant's point on appeal could be considered and ruled in his favor, and the point, therefore, is overruled.

The judgment is affirmed.

All concur.