**STATE of Missouri, Respondent,**

v.

**Fred Herman SANDUSKY, Jr., Appellant.**

**No. 53920.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied Jan. 17, 1989.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Charles Clifford Schwartz, Jr., Clayton, for appellant.

SIMON, Judge.

Defendant, Fred Herman Sandusky, Jr., was convicted by a jury of unlawful use of a weapon by carrying a concealed weapon, § 571.030.1(1), RSMo (1986) and sentenced to pay a fine of $2000.00 to be stayed for one year.

On appeal, defendant claims that the trial court erred in: (1) having defendant and his witnesses searched prior to trial; (2) overruling defendant's motion to suppress evidence of a Colt .45 seized from defendant's person, and overruling defendant's subsequent motion in limine to exclude evidence of a blackjack, scrimshaw knife, extra loaded clip for a .45 caliber semi-automatic pistol, and bulletproof pads from a T-shirt taken from defendant's person; (3) allowing the rebuttal testimony of Officer Mossman concerning his search of defendant's truck and seizure of a .44 caliber magnum revolver; (4) refusing to submit an instruction on carrying a weapon while intoxicated, which offense defendant contends is a lesser included offense of unlawful use of a weapon by carrying a concealed weapon; and (5) denying defendant's motion for a judgment of acquittal, for had the trial court excluded evidence obtained by search and seizure, insufficient evidence would have existed to find defendant guilty. We affirm.

The evidence adduced at trial, viewing all facts and reasonable inferences therefrom in a light most favorable to the verdict, showed the following. On March 18, 1986, defendant was in a drinking establishment, the Span Disco, looking for a man known as Mr. T, Terry Greg, who had allegedly beaten up the defendant on a prior occasion. Defendant approached a customer named Dan Goings and inquired whether he knew Mr. T. Goings denied knowing Mr. T because Mr. T was shaking his head in the background. Eventually the defendant came upon Mr. T and began question-

ing him concerning his identity. At this point, Goings saw the defendant reach toward a bulge under his shirt. However, the defendant stopped when an individual walked over to the defendant, grabbed his arm, and said, "No."

Around midnight, Dorothia Vaughn, the owner of the Span Disco, sensed trouble and called the police concerning a peace disturbance. When the police arrived, Vaughn indicated that she wanted the defendant and another individual removed from the premises. Officer Schweitzer then escorted the two outside while Officer Mossman spoke with Vaughn. As Mossman was speaking with Vaughn, Goings approached Vaughn and told her he believed the defendant was armed. Vaughn related this information to Mossman, who then ran outside and alerted the other officers of such possibility, searched the defendant, and found the following items: (1) a loaded .45 caliber semi-automatic pistol (hereinafter "Colt .45") tucked into his waistband and covered by his shirt; (2) a blackjack; (3) a scrimshaw knife; (4) an extra loaded clip for the Colt .45; and (5) bulletproof pads which were part of defendant's T-shirt. The defendant was then advised of his *Miranda* rights, arrested and taken to the Arnold Police Station.

Approximately a half hour after defendant's arrest, Mossman returned to the disco to secure defendant's truck. In doing so, Mossman looked through a window of the truck and saw the butt of a handgun sticking out underneath the passenger side seat. The truck was unlocked, so Mossman removed the gun, a .44 caliber revolver.

At trial, the defense produced three witnesses who testified seeing the officers search the defendant outside of the disco, and that no gun was seized from the person of the defendant. The defendant admitted owning the Colt .45, and having the gun with him on the night in question, but not on his person.

Upon this evidence, the jury found the defendant guilty as charged, and the court imposed sentence. This appeal followed.

■ In his first point, defendant contends that he was denied a constitutionally fair trial when, upon the advice of the state prosecutor, the trial judge had the defendant and his witnesses searched "upon coming to this [the] court house." The record fails to indicate when, where, and how the search was made. In fact, the record fails to indicate in whose presence the search was conducted. Furthermore, although defense counsel did voice his disapproval of the search on the record, he made no formal objection, motion for a mistrial, nor offer of proof. Consequently, without reciting the vast authority supporting the trial judge's discretion to control the conduct of trial, the safety of persons, and prevention of escape, we conclude that the record fails to provide an evidentiary basis upon which defendant's point may be reviewed. *State v. Bluitt*, 592 S.W.2d 752, 754[1] (Mo. banc 1980). Point denied.

■ In his second point, defendant claims that the trial court erred in overruling both his motion to suppress evidence of the Colt .45 and his motion in limine to exclude evidence of a blackjack, scrimshaw knife, extra loaded clip for the Colt .45, and T-shirt with bulletproof pads as irrelevant and prejudicial. The state contends that defendant has failed to preserve this issue for review because defense counsel waived any objections to the introduction of said evidence at trial.

When the state offered the Colt .45 and extra clip taken from defendant's person into evidence, defense counsel stated that he had no objection. When the state offered the blackjack, scrimshaw knife, and bulletproof pads from defendant's T-shirt, defense counsel stated that he had no objection other than the objection he had already made. We find no other objection to this matter in the record. We can only assume that defendant's previous "objection" was either his motion to suppress or motion in limine which were overruled.

Furthermore, defendant's appellate counsel, at oral argument, conceded that defendant's trial counsel failed to object to the introduction of the aforesaid exhibits. Therefore, even though his motion to suppress and motion in limine were overruled,

defense counsel should have repeated his objections at trial in order to preserve this point for review.

" 'The rule is well established in Missouri that when a motion to suppress evidence is denied and the evidence is subsequently offered at trial, defendant must object at trial to the admission of the evidence.' *State v. Fields,* 636 S.W.2d 76, 79 (Mo. App.1982). Absent an objection, the issue of whether the evidence should be excluded is not preserved for review. *Id.* This rule is strictly applied because the trial judge should be given an opportunity to reconsider his prior ruling against the backdrop of the evidence adduced at trial. *Id."*

*State v. Moseley,* 705 S.W.2d 613, 615[1] (Mo.App.1986).

By failing to renew his objection at trial, defendant has failed to preserve his claim for review.

■ Since defendant failed to preserve the point for review, we will review for plain error ex gratia. Defendant first contends that the seizure of the Colt .45 and the other items violated the standards set forth in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, defendant's reliance on *Terry* is not well taken. *Terry* allows a brief investigatory stop of an individual as an exception to the warrant requirement of the Fourth Amendment if the police have a reasonable suspicion that criminal activity is afoot. *State v. Adell,* 716 S.W.2d 469, 471[3] (Mo.App. 1986).

Here, the pertinent facts were that the officers had been called to the scene regarding a peace disturbance (a misdemeanor under §§ 574.010–574.030 RSMo (1986)), that the owner of the disco identified the defendant as one of the persons she wished to have removed, and most importantly, she informed Officer Mossman that the defendant may be armed. Clearly, the police were justified in searching the defendant for:

In view of these facts, we cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in

situations where they may lack probable cause for an arrest. When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.

*Terry,* supra 392 U.S. at 24, 88 S.Ct. at 1881.

Thus, the search of the defendant's person and seizure of the Colt .45 and other items was not violative of defendant's Fourth Amendment rights.

■ The defendant's second contention of this point is that, the evidence seized, other than the Colt .45, was irrelevant and prejudicial as evidence of other crimes. Defendant cites *State v. Harlston,* 565 S.W.2d 773, 780[11] (Mo.App.1978) for the proposition that introduction of evidence of other crimes is inadmissible. Generally, this proposition has merit. However, the sentence following this proposition in the *Harlston* opinion is directly on point with the present case: "Evidence of other crimes is, however, competent to prove the specific crime charged when it tends to establish motive, intent, absence of mistake or accident, common scheme or plan, or the identity of the person charged with commission of the crime for which [he] is on trial." *Id.,* at 780[11]. Here, evidence that defendant had the clip and other items on his person is relevant to show that defendant *knowingly* possessed the Colt .45. *See State v. Williams,* 539 S.W.2d 530, 534[5, 6] (Mo.App.1976). Therefore, we find no error, plain or otherwise.

■ In his third point, defendant contends that the trial court erred in allowing Officer Mossman to testify on rebuttal as to his search of defendant's truck and seizing a .44 Magnum revolver for such testimony fails to counteract or disprove any evidence presented by defendant.

The law of Missouri regarding the scope of rebuttal testimony is well settled. "The scope of rebuttal testimony rests within the broad discretion of the trial court, and the appellate court will not interfere in the absence of an abuse of discretion ... Any competent testimony that tends to explain, counteract, repel or disprove evidence offered by the defendant may be offered in rebuttal of defendant's testimony." *State v. Oldham*, 743 S.W.2d 547, 549–550[2] (Mo.App.1987) (citations omitted).

Here, the defendant testified that he had the Colt .45 with him that night, but that the gun was not on his person. Defense counsel next called to the stand Dave "Sonny" Bush who testified that he saw a police officer looking through the defendant's truck. From this testimony the inference existed that the police removed not only the .44 Magnum from defendant's truck but the Colt .45 as well. In fact, defense counsel used this very inference during his closing argument.

In order to rebut this inference, the state called Mossman. The defendant made a timely objection which was overruled. Then Mossman testified to the circumstances surrounding the seizure of the .44 magnum revolver. Mossman's rebuttal testimony was competent to explain, counteract, repel, and disprove the inference created by the defense testimony. Therefore, the trial judge did not abuse his discretion in allowing Mossman's rebuttal testimony.

■ Defendant also claims that the trial court erred in allowing Mossman's rebuttal testimony for such testimony involved the search of defendant's truck and seizure of a .44 Magnum in violation of defendant's Fourth Amendment rights.

Defendant has failed to preserve this point for our review. Defendant objected to Mossman's testimony at trial on the ground that his rebuttal testimony was self-serving. Defendant failed to object on any ground relating to a search and seizure. Therefore, despite the fact that defendant pursued this issue in his motion for new trial and in his brief on appeal, his failure to make a proper objection at trial likewise fails to preserve this issue for

review. *State v. Overstreet*, 694 S.W.2d 491, 494[5] (Mo.App.1985); *State v. Hulsey*, 557 S.W.2d 715, 717–718[2–4] (Mo.App. 1977).

■ Since the point was not preserved, we, ex gratia, review for plain error. About one-half hour after defendant's arrest, Mossman returned to the disco to secure the defendant's truck. He testified that this was standard police procedure when someone is arrested and his vehicle is not towed. Mossman attempted to secure the truck but was unable to do so without the truck's key. While shining his flashlight through the truck's window to make sure it was secure, he noticed the butt of the .44 Magnum protruding from beneath the passenger seat. He then seized the gun for safekeeping, because the defendant's truck could not be secured.

Mossman's actions in searching defendant's truck did not violate defendant's Fourth Amendment rights for such actions fall under the "plain view" doctrine. "The Fourth Amendment protects only against the violation of one's reasonable expectations of privacy; items left in plain view of [police] officers negate any inference that one has a reasonable expectation of privacy with respect to those items." *State v. Singleton*, 660 S.W.2d 13, 16[3] (Mo.App.1983). In order for the seized evidence to qualify under the "plain view" doctrine, the court must find that the observing officer was in a place where he had a right to be, that the discovery was inadvertent, and that it was apparent to the officer that such evidence was incriminating. *State v. Barks*, 711 S.W.2d 892, 898[5] (Mo.App.1986). Here, Mossman was rightfully at the location of defendant's truck for it was proper police procedure to secure the defendant's vehicle since it was not to be towed. Also, the discovery of the .44 was inadvertent for his original purpose was to secure the truck, not to search it. Finally, the .44 was clearly apparent as incriminating evidence. Therefore, Mossman's actions did not violate the protections of the Fourth Amendment.

This case is factually similar to *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75

L.Ed.2d 502 (1983) where Justice Rehnquist in his majority opinion stated, "It is likewise beyond dispute that Maples' action in shining his flashlight to illuminate the interior of Brown's car trenched upon no right secured to the latter by the Fourth Amendment." *Id.*, at 739, 740, 103 S.Ct. at 1541–1542. Therefore, we conclude that plain error did not occur. Point denied.

■ In his fourth point, appellant contends that the trial court erred in failing to submit his proffered instruction on the offense of carrying a weapon while intoxicated, a Class B misdemeanor under §§ 571.030.1(5) and 571.030.4 RSMo (1986). However, defendant fails to note that the element of intoxication is not present in the greater offense of Unlawful Use of a Weapon by Carrying a Concealed Weapon, a Class D felony under §§ 571.030.1(1) and 571.030.4 RSMo (1986). In order for an offense to be a lesser included offense, the greater offense must include all of the legal and factual elements of the lesser. If the lesser offense contains an element not present in the greater, that offense is not a lesser included offense of the greater. *State v. Niswonger*, 721 S.W.2d 207, 208[1, 2] (Mo.App.1986). Therefore, since the offense of carrying a weapon while intoxicated is not a lesser included offense of unlawful use of a weapon by carrying a concealed weapon, defendant's fourth point is without merit.

In his final point, defendant contends that had the trial court excluded the evidence resulting from the search of defendant's person that insufficient evidence would have existed to sustain his conviction.

Having already concluded that the search of defendant's person was proper, defendant's final point is without merit.

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.