**864**

STATE of Missouri,
Plaintiff–Respondent,

v.

Debra KEELY, Defendant–Appellant.

Debra KEELY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55970, 57254.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 22, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 20, 1990.

Application to Transfer Denied
July 31, 1990.

Dave Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated direct appeal and appeal from denial of defendant's Rule 29.-15 motion stemming from her conviction for possession of a controlled substance, § 195.020, RSMo 1986 (repealed 1989). She was sentenced to three years imprisonment. We affirm.

The sufficiency of the evidence to sustain defendant's conviction is not in dispute. The arresting officer testified at trial that on December 18, 1987 he and other members of the St. Louis Police Department went to 3726 Lincoln to serve a search warrant. He knocked on the front door and yelled "police officers, we have a search warrant, open the door." The officers heard movement in the house but none of the occupants came to open the door. The officers then used a two man battering ram to force open the door.

Upon entry the arresting officer ran towards the bathroom. He did this in order to prevent any drugs from being flushed down the toilet. As he ran toward the bathroom he saw defendant run into a bedroom with a red can in her hand. She threw the can on top of a dresser in the bedroom and pulled some clothing over the top of the can. The officer removed the clothing and seized the can. He opened it and found fifteen bags of marijuana and a bottle containing forty-three capsules later identified as cocaine. He further testified no other individuals were in the bedroom when he observed her throw the can on the dresser.

Defendant did not testify at trial, but did offer the testimony of two witnesses charging she was in the living room and not the bedroom at the time the police entered the residence.

The first point on appeal states the trial court erred in denying defendant's motion to suppress evidence seized in the execution of the search warrant. She asserts the state failed to carry its burden to establish probable cause, thereby violating her fourth amendment right preventing illegal searches and seizures.

Defendant filed a motion to suppress which alleges the affidavit upon which the warrant was based failed to state grounds which showed probable cause. However, a review of the record reveals she made no such objection when testimony about the execution of the warrant was presented at trial. "The rule is well established in Missouri that when a motion to suppress evidence is denied and the evidence is subsequently offered at trial, defendant must object to the admission of evidence." *State v. Fields,* 636 S.W.2d 76, 79 (Mo.App.1982); *State v. Sandusky,* 761 S.W.2d 710, 713 (Mo.App.1988). "Absent an objection, the issue of whether evidence should be excluded is not preserved for review." *Sandusky, supra.* "This rule is strictly applied because the trial judge should be given an opportunity to reconsider the prior ruling against the backdrop of evidence adduced at trial." *Id.*

Defendant has not requested that we review her first point for plain error and such review is entirely discretionary with us. Rule 30.20. We have reviewed the record and find no sound, substantial showing that injustice or miscarriage of justice resulted from the action of the trial court. *See State v. Brass,* 781 S.W.2d 565, 567 (Mo.App.1989). The state adduced ample evidence of probable cause for defendant's

arrest and we are convinced the state met its burden of proof. Point denied.

■ Defendant's second point on appeal charges, in the alternative, the trial court erred in precluding defendant from questioning the arresting officer during the suppression hearing as to whether the informant received money or other compensation for the information provided. She asserts this testimony was clearly relevant to the informant's veracity and part of the totality of circumstances from which the court had to determine the presence or absence of probable cause.

Defendant cites authority claiming that this testimony is relevant concerning the veracity of the informant given the lack of detail in the informant's description of the alleged criminal activity, as well as the arresting officer's minimal verification of the informant's allegations. Her reliance upon these authorities is misplaced. The probable cause for issuance of the search warrant was not based on the informant's information but rather the information obtained by the arresting officer through independent verification connected upon the receipt of said information. The officer testified at the hearing that he met the informant and the informant pointed out the house. Acting on this information the officer then observed the house on two separate occasions to determine any suspicious traffic entering and exiting the residence. From this we find the question of whether the informant was paid for the information to be irrelevant. Defendant has never alleged the arresting officer's affidavit is false, but rather only that compensation given to the informant may establish a lack of credibility. Since informant's incentive is not relevant to the issue in this case trial court did not abuse its discretion in disallowing further questions on this subject. Point denied.

■ In her third point on appeal defendant asserts the trial court erred in precluding her from establishing whether police examined the red can, which she had in her possession during the police's entry into the home, for fingerprints. She states this would have impeached the arresting officer's testimony and therefore its preclusion denied her her sixth amendment right to confrontation, cross-examination and fair trial.

We have previously held that an adverse inference may not be drawn from the state's failure to take fingerprints. *State v. Simpson,* 611 S.W.2d 556, 560 (Mo.App. 1981). The state is not bound to gather and present all physical evidence nor is it required to account for its failure to gather or present such evidence. *State v. Schneider,* 736 S.W.2d 392, 402 (Mo. banc 1987). Trial court did not err in precluding defendant from developing this issue any further. Point denied.

Appellant's fourth point on appeal states the trial court abused its discretion by allowing the prosecutor to argue for a specific punishment during the state's rebuttal portion of closing argument since the prosecutor did not argue for a specific punishment in the state's first portion of closing argument.

A review of the record reveals during the state's first portion of closing argument, the prosecutor stated the following:

Now you will note that on Instruction Five and Instruction Six that there is a difference. Instruction Six has punishment on it. And, I will speak to you about punishment in my second phase. But it lists the range of punishment that you can give. You can give imprisonment by a term fixed by you, not to exceed one year—Which means it can be one day, it can be forty-five days, it could be a year. It says you can fix a term of imprisonment and a fine up to $1,000, or you can just fix a fine. But I'll discuss that later, as I told you on my second half.

■ The trial court has broad discretion in controlling closing argument. *State v. Brass, supra.* We have previously held arguments such as this to be proper. In *State v. Ross,* 606 S.W.2d 416, 418–419 (Mo.App.1980), for example, during the opening portion of closing argument the prosecutor commented on instructions which referred to the imposition of punishment and said, "I would like to defer discussing those particular instructions ...

until the second half of my argument...." Then during the rebuttal portion the prosecutor argued for severe sentences to be assessed against the defendant. *Id.* at 419. We held:

> Our review of the record in the instant case reveals that defense counsel was put on notice of the state's intent to argue punishment to the jury. Our courts have held that it is not required that the prosecutor make a reference to a particular number of years in the opening half of his closing argument to insure that the state may thereafter argue punishment in the closing argument. *Id.*

For support we cited the Missouri Supreme Court case of *State v. Brown*, 480 S.W.2d 839 (Mo.1972). In *Brown*, during the initial phase of closing argument the prosecutor described the case and then briefly stated he would come back at the conclusion and ask for penalties sufficient to the crime and ask that the defendant be sent to the penitentiary for a number of years. *Id.* at 839–840. In rebuttal the prosecutor argued for a twenty year term of imprisonment. *Id.* at 840.

The defendant in *Brown* contended that this constituted an unfair argument to which the defendant could not reply. *Id.* The Missouri Supreme Court stated:

> The practical difficulty with appellant's position is that the prosecuting attorney did not wait until the final argument to mention punishment, but did make reference to the matter of punishment in his opening argument. By such a reference, he gave notice of his intention to argue further on the matter of punishment in closing argument. *Id.*

That is precisely the situation before us in the case at bar. Defendant was deemed to be on notice of this punishment argument by virtue of the state mentioning it in the initial phase of closing argument. The trial court did not abuse its discretion. Point denied.

■ In her fifth and final point on appeal defendant charges the motion court clearly erred in denying her claim of ineffective assistance of counsel without an evidentiary hearing. She alleges counsel failed to call additional witnesses including the officer who searched her. This failure denied her a possible defense.

A review of the record shows the arresting officer saw defendant run from the bathroom with a red aluminum can in her hand, throw the can on a dresser in the bedroom and cover the can with some clothing. There was no evidence that the female officer at the scene was with the arresting officer at the time defendant had the can containing the drugs in her possession. The arresting officer's testimony was the female officer was not called to conduct the search until after defendant had been arrested.

"In order to establish ineffective counsel, movant has a heavy burden to show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform and that he was prejudiced thereby." *L. Childress-Bey v. State*, 779 S.W.2d 697, 699 (Mo.App. 1989). To warrant an evidentiary hearing on a claim of ineffective assistance of counsel grounded on the failure to locate and present witnesses, movant must allege that the witnesses could have been located through reasonable investigation, that the witnesses would have testified if called, and the testimony would have provided a viable defense. *Id.*

In the case at bar defendant's *pro se* motion alleges the trial counsel should have called additional witnesses including the female officer who searched her at the time of her arrest. Her amended motion alleges this as well. Her amended motion is unverified and not preserved for review, therefore, we will only review her first *pro se* motion. *See State v. Humphrey*, 789 S.W.2d 186, 190 (E.D.1990). The court denied her claims because the testimony of the female officer would not have provided her with a viable defense.

We find defendant's conviction for possession of cocaine and marijuana did not arise from drugs found on her person but rather from drugs found in a can which was in her possession. Therefore the testimony of the female officer at the scene stating no drugs were found on defendant's person at the time of her search would not have provided a viable defense.

Counsel could not be deemed ineffective for failing to call this witness. Motion court was not clearly erroneous. Point denied.

■ During this appeal defendant filed a motion to quash the supplemental legal file filed with this court which contained the search warrant leading to the arrest of defendant. She asserts these documents were never presented to the trial court in deciding her motion to suppress nor at any other time during the proceedings. It also appears from the record defendant neither objected to this absence at the hearing nor at any other time in the proceeding prior to the filing of this motion. Defendant also mentions the warrant and relies on its existence in explaining her first point relied on in her brief. Nevertheless, we are prevented from considering the evidence presented in the supplemental legal file because it was never presented to the trial court. *See State v. Reasonover,* 700 S.W.2d 178, 184 (Mo.App.1985). We grant defendant's motion.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.