**STATE of Missouri, Respondent,**

v.

**Mark Howard BARTON,
Defendant/Appellant.**

**Mark Howard BARTON,
Defendant/Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 55269, 57104.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 26, 1990.

Lew A. Kollias, John A. Klosterman, Columbia, for defendant-appellant.

William L Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

This is a consolidated appeal based on appellant's conviction of burglary first degree, § 569.160 RSMo.1986, sentence of ten years imprisonment, and the denial of his Rule 29.15 motion without a hearing. We affirm.

We view the evidence in the light most favorable to the verdict. In the late evening and early morning hours of July 27 and 28, 1987, Ms. Debbie Brown, the victim, was asleep in her home in St. Clair, Missouri. Her ten-month-old son lay next to her on the bed. She checked the doors and windows before retiring, but left the sliding glass door in her bedroom open because the evening was warm. At about 12:30 a.m. Ms. Brown was awakened by a noise. She decided to ignore it. Before she could fall back asleep, Ms. Brown heard another noise and saw appellant, whom she knew, in the hallway. Ms.

Brown remained motionless while appellant walked into the bedroom, and saw he had a gun in a shoulder holster. She could see him clearly because she had left the bathroom light on.

Appellant sat down on the foot of the bed and touched the victim's legs. She sat up and asked what he wanted while appellant removed the shoulder holster and placed it, and the gun, on the nightstand. Appellant began rubbing Ms. Brown's arms. She told him to stop, moved away from him, and said he would have to leave because her mother was coming so they could go to Illinois. Appellant then patted his gun, stating that was okay because he had three shots left and could take care of her mother.

Appellant asked if Ms. Brown would sleep with him. She replied in the negative, and appellant told her she would. She repeated her refusal and again told him he would have to leave. Her son woke up screaming and appellant left. Ms. Brown then gathered up her son, purse, and car keys and drove to her mother's house, where she called the police.

■ Appellant's only point on direct appeal alleges the trial court erred in denying his motion to suppress, and later admitting at trial, physical evidence consisting of a handgun and shoulder holster because it was obtained through an illegal search.

■ Our review of the treatment of a motion to suppress is limited to determining whether the evidence is sufficient to support the trial court's decision. *State v. Motley*, 740 S.W.2d 313, 317 (Mo.App.1987). Facts and reasonable inferences are stated favorably to the order challenged. *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985); *cert. dismissed*, 480 U.S. 698, 107 S.Ct. 1596, 94 L.Ed.2d 678 (1987). We also note our review is limited to plain error, as appellant did not renew his objection at trial to the admission of the gun and shoulder holster. *State v. Sandusky*, 761 S.W.2d 710, 712–13 (Mo.App.1988); *State v. Matney*, 721 S.W.2d 189, 191 (Mo.App. 1986). Relief under plain error requires appellant show manifest prejudice affect-

ing substantial rights. *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989); *cert. denied*, — U.S. ——, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989).

In the evening hours of July 28, 1987, Deputies Huff, Duncan, and McHugh, having discovered the existence of arrest warrants issued for appellant and receiving an anonymous tip as to his location, proceeded to 975 Virginia Mines Road in St. Clair. They were met at the door by Betty Cartwright (then Oster), who rented the house. Dianna Barton, appellant's wife, was also at the door. She and their children lived in the house, and appellant also stayed there from time to time.

Deputy McHugh informed the women of the purpose for their visit and stated he had warrants. Ms. Cartwright stated appellant was not there, but Mrs. Barton pointed to a contiguous room and said, "He's in that room." Deputy McHugh went to retrieve appellant while the other two officers entered the house. Deputy Duncan followed Deputy McHugh. Satisfied that Deputy McHugh would have no problems, Deputy Duncan came back into the living room, which was the point of entry into the house. While there he saw the barrel of a gun protruding off of the edge of a speaker cabinet mounted on the wall. Deputy Duncan testified he was six feet tall and the top of the speaker cabinet was approximately equivalent to his height. He seized the weapon, unloaded it and secured it as evidence. He asked whose it was, and Mrs. Barton replied it was hers. He then asked if there was a shoulder holster for it, whereupon Mrs. Barton produced one from the living room coffee table.

■ Appellant's standing to raise the issue of the legality of the search is questionable; however, that issue is irrelevant because the search was proper under the plain view exception to the warrant requirement. The plain view doctrine applies when the evidence is observed in plain view in a place the officer has a right to be, discovery of the evidence is inadvertent, and it is apparent to the officer that the item is evidence of a crime. *State v. Schneider*, 736 S.W.2d 392, 399 (Mo. banc 1987), *cert. denied*, 484 U.S. 1047, 108 S.Ct.

786, 98 L.Ed.2d 871 (1988); *State v. Holland*, 781 S.W.2d 808, 815 (Mo.App.1989).

Here, Deputy Duncan was rightfully in the house because he was assisting two other officers in executing arrest warrants. His discovery of the gun was inadvertent. He was not going through appellant's belongings or conducting a full-scale hunt throughout the house. He was simply looking around the room. It was apparent the gun was evidence, having been described in Ms. Brown's statements to the officers earlier that day. The weapon was about eye-level to Deputy Duncan, and he did not have to strain to see it. *See State v. Sanford*, 734 S.W.2d 525, 527 (Mo.App. 1987). We find no error, plain or otherwise, here. Point denied.

■ Appellant also asserts motion court error in denying his Rule 29.15 motion without a hearing without allowing his counsel an opportunity to amend his *pro se* motion.

Appellant filed his *pro se* motion on January 18, 1989. On January 20, the motion court found appellant was indigent and appointed the Franklin County Public Defender's Office to represent him. On January 26, the Public Defender's Office requested an additional thirty days to amend the motion pursuant to Rule 29.15(f) and requested another attorney be appointed due to a conflict. The court granted the request on February 6, and designated March 22 as the due date of the amended motion. On February 10, the court received notification from the Office of the State Public Defender that appellant had been assigned a new attorney.

The state filed a motion to dismiss on March 1. On April 28, appellant's retained counsel filed an entry of appearance and moved for a continuance and for leave to amend the *pro se* motion. His second attorney moved to withdraw as counsel on May 1. On May 2, the trial court heard the respective motions. On July 26, the trial court granted the state's motion to dismiss for failure to state facts sufficient to form a basis for relief, and denied appellant's motion to amend because the time limits under Rule 29.15(f) had expired.

Rule 29.15(f) states:

**666**

(f) Amended Motion—Form, Time for Filing—Response by Prosecutor. Any amended motion shall be verified by movant *and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed.* The court may extend the time for filing the amended motion for *one additional period not to exceed thirty days.* Any response to the motion by the prosecutor shall be filed within ten days after the date an amended motion is required to be filed. (Emphasis ours).

Appellant argues Rule 29.15 creates a legitimate expectancy that his sentence will be reviewed, and it is therefore a violation of his constitutional rights not to allow his retained counsel an opportunity to amend the *pro se* motion within thirty days of entering an appearance.

The time limits under Rule 29.15 are valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989); *cert. denied sub nom. Walker v. Missouri,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The question then is at what point the time begins to run. The Supreme Court has recently construed Rule 29.15(f) to mean its time limits are applied as "... beginning the earlier of the date counsel is appointed or the date of entry of appearance of any counsel that is not appointed but enters an appearance to provide defense services." *Schneider v. State,* 787 S.W.2d 718, 720 (Mo.1990). The time limit therefore began to run when the Franklin County Public Defender's Office was appointed. It is not disputed that appellant's second attorney failed to file an amended motion by the deadline, March 22, 1989. By the time appellant's retained counsel entered his appearance, the deadline had passed. The trial court, therefore, did not err in denying appellant leave to amend after the time had run.

The judgment is affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.