**STATE of Missouri, Respondent,**

v.

**Calvin DIXON, Appellant.**

**No. 55170.**

Supreme Court of Missouri,
Division No. 2.

Feb. 8, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied March 8, 1971.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

Raymond Howard, St. Louis, for appellant.

DONNELLY, Presiding Judge.

Appellant, Calvin Dixon, was convicted in the Circuit Court of the City of St. Louis, of murder in the first degree, and his punishment was assessed at life imprisonment.

On January 17, 1969, three men robbed the New Delmonico Cafe in the City of St. Louis. Claude Wilson, owner of the cafe, was shot and killed. Appellant was identified as one of the three robbers by two employees of the cafe.

At the trial appellant did not dispute the fact that a robbery occurred or that Claude Wilson was shot and killed. Appellant testified at trial and his contention was, and is, that this is a case of mistaken identity; that he did not participate in the crime, but that he, and friends (who also testified), were at the Robin's Nest Bar in Venice, Illinois, at the time of the murder.

The determinative question on appeal involves an incident which occurred at the

trial during closing argument. The following transpired during the closing argument of appellant's counsel: "* * * Ladies and gentlemen, let me point out something that is very basic in our system of justice. Police officers will tell you—we don't decide cases, the only thing we do is arrest people. The prosecuting attorney's office is not a court of law, and I don't think that any of you should think for a moment that had Calvin Dixon written letters of his innocence he would not be here today. If we had that type of justice in our country, then more prominent persons than Calvin Dixon would not stand trial, would get off, because they could get governors and mayors and some of the most powerful men in our society to write letters for them. If we had that type of justice, then that type of people would never come to trial. The only persons that would come to trial would be people like Calvin Dixon, who did not have the prestige of letter-writing that some other more prominent people would have. But the prosecutor is in the business of prosecuting, he is not in the business of letting people loose.

"MR. DARST: Of course, Your Honor, I will object to that. Mr. Howard knows our oath is to seek justice.

"MR. HOWARD: If Your Honor please, I would ask that Mr. Darst make his objection.

"THE COURT: He is making an objection, and the objection will be sustained, and the jury will be instructed to disregard that it is the duty of the prosecutor to prosecute persons that are not guilty. His duty is not to prosecute people that are not guilty.

"MR. HOWARD: I don't believe I understand that, Your Honor. What was that again.

"THE COURT: I said that it is the duty of the prosecutor not to prosecute persons that are innocent. I used a double negative.

"MR. HOWARD: Do I gather from that that the prosecutor has the duty to prosecute people who are not innocent?

"THE COURT: He sure does.

"MR. HOWARD: If the Court please, I think we ought to get this straight.

"MR. DARST: May we approach the bench.

(At this point the following proceedings took place at the bench, out of the hearing of the jury)

"MR. DARST: I think, Your Honor, an effort is being made to get a mistrial, to attempt to goad the Court into saying something.

"MR. HOWARD: Quite frankly, I am going to ask the Court for a mistrial. I think the Court has given the impression that the prosecuting attorney prosecutes only those persons who are guilty of a crime.

"THE COURT: That is not what I said. The motion for a mistrial will be denied."

In State v. Montgomery, 363 Mo. 459, 464, 251 S.W.2d 654, 657, this Court said:

"Under our system of jury trials, the judge before whom the trial is conducted has a deep responsibility for the orderly and dignified conduct of courtroom proceedings. When the issue is one which may imprison the defendant on trial in a criminal cause, the tension of the courtroom drama and the human frailties and emotional factors inevitably involved serve but to make the judge's task the more difficult. Order and decorum must be maintained. The factual inquiry must be conducted within the issues and at all times under the applicable rules of law. Even if counsel or others should be guilty of misconduct the judicial calmness and the dignity and the self-restraint and obvious impartiality of the judge must always be maintained and made manifest. The judge must not indicate a belief in either the

guilt or innocence of the accused. * * * We know that juries are inclined to draw conclusions and are quite sensitive to any indications of the judge's belief as to the merits of the issue being tried."

 We recognize from "experience in the courtroom and in the examination of the records of trials * * * that no paper record, such as we have in appellate courts, will fully disclose trial atmosphere, or jury mood or sensitivity to remarks and incidents of doubtful propriety." State v. Montgomery, supra. However, we must also recognize that if the comments of the trial judge were "of such a nature as would reasonably tend to prejudice the minds of the jury against the defendant and thereby deny him a fair and impartial trial" (State v. Ross, Mo.Sup., 371 S.W.2d 224, 228), the verdict cannot stand. State v. Webb, 254 Mo. 414, 434, 162 S.W. 622, 628. The question whether appellant's rights were violated "must be determined from the whole record." State v. Ross, supra.

We have read and re-read the transcript on appeal. Identification of appellant and his connection with the crime were in sharp dispute. Appellant strenuously denied his guilt. He offered evidence from substantial citizens of an alibi. Appellant's former college basketball coach, and the Chief of Police of Venice, Illinois, testified as to his good character. We know, of course, that the remarks of the trial judge were not intended to prejudice the jury. However, on the record in this case, and under the law stated in State v. Ross, supra, we cannot say that his comments were not construed by the jury as indicating a belief in the guilt of the accused. Appellant is entitled to a new trial.

The case is further complicated by the fact that the comments of the trial judge, and their prejudicial effect, were not mentioned in the motion for new trial; otherwise, the necessity of this appeal probably would not have arisen. In any event, "the law of this State requires that [appellant]

shall be punished only after having been accorded a fair trial. This, we are convinced, [appellant] in this case did not have." State v. Allen, 363 Mo. 467, 474, 251 S.W.2d 659, 662, 663.

We have reviewed the whole record and conclude, under the facts and circumstances therein disclosed, that the comments of the trial judge complained of resulted in manifest injustice and miscarriage of justice. We grant relief under S.Ct. Rule 27.-20(c), V.A.M.R. Cf. State v. Stuart, Mo. Sup., 456 S.W.2d 19.

The judgment is reversed and the cause remanded.

All of the Judges concur.