**STATE of Missouri, Plaintiff-Respondent,**

v.

**Johnny HURD, Defendant-Appellant.**

No. 37732.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 1, 1977.

Motion for Rehearing and for Transfer
Denied April 15, 1977.

Application to Transfer Denied
June 14, 1977.

Scott Richardson, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, William F. Arnet, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

By its verdict, a jury found defendant Johnny Hurd guilty of murder in the second degree. The jury was unable to agree upon the punishment and the judge sentenced the defendant to thirty-five years in the custody of the Department of Corrections. From this judgment and sentence he appeals and we affirm.

Two eyewitnesses identified the defendant as having participated in the robbery and murder of the victim Thomas J. Murphy. Defendant assisted another man in grabbing Murphy, throwing him to the ground and ripping off his back pocket. The other man then shot Murphy who died thirty days later as a result of his wounds.

At the opening of the voir dire examination, after a few introductory remarks and a question as to whether any of the members of the panel knew either of the lawyers or the defendant in the case, the trial judge made this statement:

> Ladies and gentlemen of the jury panel, as the Judge I know nothing about the facts in this case. I do know from the Indictment that is filed that the defendant is charged with the murder of Thomas J. Murphy. Thomas J. Murphy was, prior to his retirement, a Major in the Police Department of the City of St. Louis. He was not on active duty nor was he an active member of the Police Department at the time of this incident on August 31st of 1974.

Defendant's attorney moved for mistrial and asked that the jury panel be discharged on the grounds that the remarks made were prejudicial to the defendant. The court thereupon explained to defendant's attorney and State's attorney out of the hearing of the jury that he purposely introduced the victim as a former Major on the Police Force because he had served with distinction for many years and was well-known by virtue of that fact. He also stated that the victim was a member of a prominent family in the City of St. Louis, his brother being a circuit judge, another brother was a jury commissioner in the City of St. Louis, and a nephew was a prominent lawyer in the City. The judge indicated that he thought that both the State and defendant were entitled to a fair and impartial trial and that the defendant's attorney was entitled to know if any prospective member of the jury was in any way identified with the Murphy family. The motion was denied.

■ The issue raised for our determination on appeal is whether the statement of the court made to the jury panel at the beginning of the voir dire examination was so improper and prejudicial that it was impossible for the defendant to receive a fair trial.

■ Generally a trial court has broad discretion in controlling voir dire examination and its rulings will not be disturbed unless they clearly indicate abuse of this discretion. *State v. Mudgett*, 531 S.W.2d 275, 279[2] (Mo. banc 1975); *State v. Yowell*, 513 S.W.2d 397, 403[4] (Mo. banc 1974). In the exercise of this discretion a court may of its own motion examine the venire-

men. *State v. Naylor,* 328 Mo. 335, 40 S.W.2d 1079, 1082[9] (1931). Of course if any remark or comment of the court is of such a nature as would reasonably intend to prejudice the minds of the jury against the defendant and thereby deny him a fair and impartial trial, a proper motion for mistrial should be granted. *State v. Dixon,* 463 S.W.2d 783, 785[1] (Mo.1971). When statements or comments by the trial court are challenged on appeal, certain standards may be used to determine whether the defendant's cause has been prejudiced during any stage of the trial. The trial court at all times must maintain a neutral position and (1) should not utter an expression of feeling or partiality to the detriment of the defendant, *State v. Tate,* 468 S.W.2d 646, 648[1] (Mo.1971); (2) avoid any remark which might be construed as indicating a belief on the part of the judge as to the guilt of the defendant, *State v. Castino,* 264 S.W.2d 372, 375[3] (Mo.1954); and (3) the court should not demonstrate hostility toward the defendant, *State v. Hill,* 518 S.W.2d 682, 685[8] (Mo.App.1975).

The question may then be asked as to whether this statement of the court to the jury panel setting out the identification of the victim was such that it indicated the court had abandoned its position of neutrality and was demonstrating bias and prejudice toward the defendant. It cannot logically be said that identification of the deceased victim reflects upon the defendant's guilt. Furthermore, the statement by the court if propounded by the State on voir dire would have been proper. Obviously the name Thomas Murphy is held by many people. To identify the victim with his former occupation could materially assist the members of the panel in determining whether they knew the victim either in a personal or business relationship and thereby produce intelligent answers to questions as to their qualifications to sit as jurors. It would not appear that the statement itself indicated any feeling on the part of the judge so as to demonstrate a belief in guilt of the defendant nor a hostile attitude toward him.

Under our current practice as a part of MAI–CR 1.02, the court is required to inform the panel of the offense and the name of the victim. Rule 20.02. It must be noted that the contentions here made were not referenced to the form of the statement by the judge but rather to the prejudicial effect of the words used and the information conveyed. We have concluded that the statement of the court was not prejudicial. The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.