**Milton S. YUST et al., Appellants,**

**v.**

**Jane V. LINK (Muich), Respondent.**

**No. 38576.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 23, 1978.

Motion for Rehearing and/or Transfer Denied July 19, 1978.

Application to Transfer Denied Sept. 12, 1978.

W. W. Sleater, Clayton, for appellants.

Carter, Brinker, Doyen & Kovacs, Steven G. Schumaier, Daniel E. Wilke, Clayton, for respondent.

WEIER, Judge.

A car driven by plaintiff Milton S. Yust collided with a car driven by defendant Jane V. Link at an uncontrolled intersection. Milton S. Yust filed suit for personal injuries and Yust, Inc., joined in Count II for damages to the automobile driven by Yust. A jury found the issues in favor of defendant and on her counterclaim awarded her $600 for property damage. Plaintiffs appeal contending the trial court erred: (1) in not permitting plaintiffs' attorney to ask prospective jurors a question concerning insurance; (2) in declaring a mistrial when plaintiffs' attorney asked such a question to a previous jury panel; (3) in refusing to allow the jury to examine plaintiffs' car; (4) in receiving into evidence some allegedly distorted pictures offered by defendant; and (5) in giving four instructions.[1] We affirm.

Plaintiffs first contend "[t]he trial court committed prejudicial error in stating before trial that it would permit plaintiffs' attorney to ask but one question of the prospective jury panel pertaining to insurance at voir dire . . ." The record reveals that plaintiffs' attorney asked on voir dire if any jurors had "any connection with the State Farm Mutual Insurance Company" and four jurors answered that they had policies with State Farm and one answered that he was considering a policy. Plaintiffs' attorney then asked: "Those of you have a policy of insurance with them, do you think if they have an interest in the outcome of this case that would in anyway ___." Then out of the hearing of the jury defendant's attorney objected to plaintiffs' attorney's "interrogation on voir dire referring to State Farm Insurance Company. It has not been determined that the State Farm has an interest in the case. The question was not asked properly. I think, it has prejudiced the jury—he has asked several questions on it, and at this time I object to it, and ask for a mistrial." The court sustained the motion and taxed costs against plaintiffs. Plaintiffs' attorney said, "It was covered in depositions." The court replied, "It's the Court's understanding you have to make a record prior to the proceeding on what questions the Court is going to permit you to ask, and I think, you have gone improperly." Court recessed and later a second jury panel was sworn. Plaintiffs' attorney asked only one question concerning insurance to this panel. The question was: "Now, do any of you have a financial interest or are you employed by the State Farm Mutual Insurance ____." Nowhere in the record do we find a statement or ruling by the trial court that it would permit only one question as to insurance. Reversible error cannot be predicated on statements or rulings which do not appear in the record. *Empire Gas Corporation v. Randolph*, 552

---

1. Plaintiffs' last two Points Relied On clearly violate Rule 84.04(d) and will not be considered.

S.W.2d 82, 83–84[3, 5, 6] (Mo.App.1977); *Holt v. Rabun,* 519 S.W.2d 561, 562 (Mo. App.1975).

■ In a related point . plaintiffs argue that the trial court abused its discretion when it declared a mistrial and assessed costs against plaintiffs after plaintiffs' attorney asked the second question concerning insurance because "such arbitrary action intimidated plaintiffs and plaintiffs' counsel and thereby prevented plaintiffs from having a trial before a fair and impartial jury." The decision on whether to grant or deny a motion for a mistrial is committed to the sound discretion of the trial court and such decisions on such matters will not be disturbed on appeal unless there is a clear abuse of discretion. *State ex rel. Highway Commission v. Drisko,* 537 S.W.2d 645, 648[2, 3] (Mo.App.1976).

■ Trial courts have broad discretion in controlling voir dire examinations. *State v. Hurd,* 550 S.W.2d 804, 805[2] (Mo.App. 1977). If an attorney wishes to voir dire prospective jurors about their interest in or connection with an insurance carrier interested in the defense or prosecution of a case he should lay a foundation "prior to voir dire by inquiring on the record and out of the hearing of the jury as to the name of any insurance company or companies interested in the outcome of the case. This evidences the good faith of the attorney who seeks to voir dire on this matter." *State ex rel. State Highway Commission v. Beaty,* 505 S.W.2d 147, 152[3] (Mo.App. 1974). During this conference counsel should request the court to rule on what questions and in what manner the trial court will permit inquiry concerning insurance. *See, Barrett v. Morris,* 495 S.W.2d 100, 102–103 (Mo.App.1973). Inquiry in accordance with the court's instructions will necessarily be in good faith. As was the situation in *State ex rel. State Highway Commission v. Beaty, supra,* plaintiffs' attorney here did not lay a prior foundation and his good faith in asking about the jurors' connection with this insurance company

was not evident. Unlike *Beaty,* plaintiffs here never showed the trial court during voir dire out of the hearing of the jury any evidence that State Farm Insurance Company was interested in this case and he never asked defendant's attorney to admit that such was the case. On the evidence before the trial court, it could reasonably conclude that the questions were asked in bad faith. The order granting the motion for a mistrial was not an abuse of discretion.

■ Plaintiffs' third contention is that the trial court committed reversible error in not allowing the jurors to examine plaintiffs' car, which was parked in a parking lot at the courthouse. After the court refused to let the jury view the car, plaintiffs offered and the court received into evidence eight photographs of the car. Plaintiffs acknowledged the pictures fairly represented the condition of the car shortly after the collision. There was no abuse of discretion. *Zipp v. Gasen's Drug Stores, Inc.,* 449 S.W.2d 612, 619[9, 10] (Mo.1970); *Mills v. Keith Marsh Chevrolet, Inc.,* 549 S.W.2d 604, 608[8] (Mo.App.1977).

■ Plaintiffs next contend the trial court erred in permitting interrogation and accepting into evidence defendant's Exhibit A "being purported pictures of the scene of the collision, because said pictures were pieced together and grossly distorted as to the distances and general scene, particularly when compared to the professional photographs introduced into evidence by the plaintiffs . . ." Plaintiff Yust, who stated earlier that he was very familiar with this intersection, identified defendant's Exhibit A (two pairs of stapled-together photographs) and acknowledged that the pictures fairly and accurately represented the scene of the collision. The authenticity of photographs may be established by any witness who is familiar with the scene portrayed. *State ex rel. State Highway Commission v. Eilers,* 406 S.W.2d 567, 570[1] (Mo.1966). There is no confusing disparity between these photographs and photographs offered by plaintiffs as was the case in *Silvey v. Missouri Pacific Railroad Com-*

*pany*, 445 S.W.2d 354, 358 (Mo.1969) and, more importantly, plaintiffs failed to preserve this point for review because the objection at trial was not on this ground. *Lee v. Rolla Speedway, Inc.*, 539 S.W.2d 627, 632[6] (Mo.App.1976). There was no abuse of discretion in admitting defendant's Exhibit A into evidence.

■ Plaintiffs also contend the trial court erred in giving Instruction No. 10 (M.A.I. 4.02, modified) [2] "because there was no evidence before the court as to the fair market value after the damage." Defendant testified that the fair market value of her car immediately before the accident was $600. She further testified that her car was "totalled from the accident" and that after the accident the fair market was "nothing." Plaintiffs presented no evidence on the fair market value of defendant's car after the accident. Unlike *Shaffer v. Kansas City Transit, Inc.*, 463 S.W.2d 606, 609[1] (Mo.App.1971), relied on by plaintiffs, there was substantial evidence in this case to support the giving of this instruction.

■ Plaintiffs' next Point Relied On states: "The court further erred in reading Instruction No. 10, M.A.I. 4.02, to the jury without giving a definition of fair market value." This point violates Rule 84.04(d) in that it does not state "wherein and why" the trial court erred. This is so even if this Point Relied On is considered as a subpoint under the previous Point Relied On, which stated: "The court erred in giving and reading to the jury Instruction No. 10, M.A.I. 4.02, because there was no evidence before the court as to the fair market value after the damage." This point will not be considered. *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683, 687[11] (Mo.App.1977).

■ Plaintiffs' next two contentions are that the trial court erred in giving Instructions 6 and 7 because there was no evidence to support any of the three elements of

negligence submitted in the instructions. Instruction No. 6 directed the jury to find for defendant on plaintiffs' claims if they believed plaintiff Yust either "failed to yield the right of way to defendant, or failed to keep a careful lookout, or drove at an excessive speed" and plaintiff's conduct in any one or more of these respects was negligent. Instruction No. 7 directed the jury to find for defendant on defendant's counterclaim if they believed plaintiff Yust was negligent in any one or more of the respects mentioned in Instruction No. 6. It is true that "each element of a disjunctive verdict directing instruction must be supported by substantial evidence and that the lack of such support on any one element renders the submission erroneous." *Schneider v. Finley*, 553 S.W.2d 727, 730[2] (Mo.App.1977). Furthermore, instructions based on failure to keep a careful lookout or driving at an excessive speed should only be submitted if there is evidence that the alleged acts were the proximate cause of the collision. *Schneider v. Finley, supra* at 730[3–5]. In determining whether these three elements are supported here, we view the evidence favorably to defendant with a disregard for plaintiff's evidence unless it tends to support the submission. *Rickman v. Sauerwein*, 470 S.W.2d 487, 489[1] (Mo. 1971).

■ Viewing the evidence in this light, there is substantial evidence to support each of the three elements. Concerning the failure to yield the right of way, the evidence shows the two vehicles reached the intersection at approximately the same time. Defendant's car was to the right of plaintiff's car when it entered the intersection. In an uncontrolled intersection, such as this, § 304.351.2 RSMo 1969 requires that the driver of the vehicle on the left yield the right of way to the driver of the vehicle on the right when two vehicles enter an intersection at "approximately the same time." There was substantial evidence that plaintiff failed to yield the right of way

---

**2.** Instruction 10 stated: "If you find the issues in favor of the defendant on defendant's counterclaim for damages, then you must award the defendant such sum as you may find from the

evidence to be the difference between the fair market value of her car before it was damaged and its fair market value after it was damaged."

when required to do so. *See, Kratzer v. King*, 401 S.W.2d 405, 408[3] (Mo.1966). Concerning failure to keep a careful lookout, there was evidence that plaintiff did not slow down or swerve prior to the accident. From this evidence the jury could reasonably infer that plaintiff was not keeping a careful lookout (in spite of his statements that he saw defendant's car ninety feet before he entered the intersection). There was also evidence that defendant had her bright lights on and plaintiff, according to the photographs introduced in evidence, could have seen defendant's car in time to slow down or stop and avoid the collision if he had been keeping a careful lookout. Concerning excessive speed, there was testimony that plaintiff was traveling between thirty-five and forty miles an hour in a twenty-five mile an hour zone, that he did not reduce his speed prior to the collision and that the accident could have been avoided if plaintiff had not been speeding. These two elements were supported by substantial evidence.

Plaintiffs' last point on appeal is that the trial court erred "in giving and reading to the jury the third paragraph of Instruction No. 11, which said third paragraph was offered at the request of defendant . . . because there was no evidence to support such a finding . . ." Instruction No. 11 was a combination of M.A.I. 14.02 and 14.03, defining "right of way." As the transcript indicates this instruction was "Submitted by Plaintiffs." Nothing in the record indicates that any part of it was submitted by defendant. Plaintiffs, therefore, cannot predicate error on the giving of this instruction. *Horton v. State Farm Fire & Casualty Co.*, 550 S.W.2d 806, 810[8] (Mo.App.1977); *Beard v. Jackson*, 502 S.W.2d 416, 419[4] (Mo.App.1973).

The judgment is affirmed.

GUNN, P. J., and KELLY, J., concur.