**Walter E. SMITH and Louise Smith, his wife, Respondents,**

v.

**CITY OF FARMINGTON, a Municipal Corporation, Appellant.**

No. 39575.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 16, 1979.

Application to Transfer Denied March 13, 1979.

Colson & Wagner by Gary W. Wagner, James G. Freer, Farmington, for appellant.

V. Kenneth Rohrer, Roberts & Roberts, Farmington, for respondents.

GUNN, Judge.

Walter E. and Louise Smith brought a two count action in circuit court for money damages and injunctive relief based upon the City of Farmington's (the City)

interference with their right to peaceable enjoyment of their property. More specifically, raw sewage and polluted water periodically escaped from a sewer pumping station maintained by the City which was located near the plaintiffs' land. As a result, a foul-smelling, potentially health hazardous discharge inundated the Smiths' own residential lot, several lots which were to be developed by the Smiths for sale and a man-made lake behind the Smiths' home. In the second count, the Smiths alleged that the City stacked long segments of drainage pipe on their land, further depriving them of its use and enjoyment. A jury returned a verdict in favor of the Smiths in the amount of $35,600 on Count I and $400 on Count II. The trial court was requested to file findings of fact and conclusions of law with regard to the equitable portion of Count I and ultimately entered judgment against the City, thereby permanently enjoining its employees from allowing discharge of sewage onto the Smiths' property. From these judgments, the City appeals, citing as error the trial court's refusal to sustain its objections to: (1) Smiths' counsel's questions during cross-examination concerning the City's budget, and (2) Smiths' counsel's question during voir dire regarding insurance. We affirm in part and remand on the issue of damages only.[1]

The City bases one complaint on an exchange between Smiths' counsel and the Director of Public Works for the City during which, over objection, Smiths' counsel was permitted to inquire as to the amount of the City's budget.

■ The City submits that any testimony adduced concerning its financial worth is irrelevant, immaterial and prejudicial. In light of the City's opening argument which ascribed its inability to solve its sewer problem in part to lack of funds, we must disagree. The determination of relevancy is a matter which rests solely within the discretion of the trial court, as does the admission or exclusion of rebuttal evidence. *State v. Huff,* 454 S.W.2d 920 (Mo.1970); *State v. Taylor,* No. 39,709 (Mo.App.St.L.Dist., Dec. 19, 1978); *State v. Kerr,* 548 S.W.2d 295 (Mo.App.1977). As the City opened the pathway to a discussion of its inability to pay, we find no abuse of discretion in allowing the plaintiffs to tread along that path. *See, State v. Stamps,* 569 S.W.2d 762 (Mo.App.1978). However, on retrial, as hereafter ordered, plaintiffs should forbear reference to the City's finances unless relevant to a particular issue or initiated by the City.

■ However, the City's second citation concerning insurance coverage is well taken and is ground for remand on the issue of damages. The City complains that the trial court erred when it failed to sustain an objection to the plaintiffs' inquiry during voir dire regarding the relationship of the jury panel to insurance companies with whom the City held policies. Evidently there was a conference on this subject prior to the seating of the venire panel, but we are only provided with a synopsis of the proceeding in the record:

THE COURT: In conference, prior to the seating of the venire panel, Mr. Wagner [City's attorney] objected to the asking of the insurance question. At that time the Court overruled the objection, and give him a bill of exception as to any question as to voir dire examination.

MR. ROBERTS: [Smiths' attorney] May the record also reflect, Your Honor, that in regard to Mr. Wagner, if there was any person or corporation interested financially in the outcome of the case, Mr. Wagner responded to the effect that the two companies mentioned in voir dire examination had policies, but denied coverage, but the city was contending they had coverage.

MR. WAGNER: Now, Your Honor. That conversation was off the record as

---

1. We will not consider two points raised by the City regarding the injunction, as they were not properly preserved for review, *Fowler v. S–H–S Motor Sales Corp.,* 560 S.W.2d 350 (Mo. App.1977); did not meet the requirements for "points relied on" as stated in Rule 84.04(d), *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), and would require us to review the merits of the trial court's decision de novo in contradiction to the Supreme Court's interpretation of Rule 73.01. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

**120**

to what was contended. I think that the record should show that both insurance companies have denied coverage.

THE COURT: But at this point there has been no judicial determination. All right, let the record so reflect. Anything else?

The law is settled in Missouri that a party who wishes to examine a jury as to any relationship with his opponent's insurance company must lay the foundation in conference prior to the voir dire and outside the jury's hearing. *Murphy v. Graves*, 294 S.W.2d 29 (Mo.1956); *Yust v. Link*, 569 S.W.2d 236 (Mo.App.1978). At that time, the party's counsel must establish the name of any insurance company with an interest in the case, thus evincing his good faith in exploring the subject later on voir dire. The City argues that plaintiff's knowledge of the denial unjustifiably presupposes that the subsequent inquiry was made in good faith. We disagree. As long as the inquiry is made in accordance with the court's instructions, it will necessarily be in good faith. *Yust v. Link, supra; State ex rel. State Highway Commission v. Beaty*, 505 S.W.2d 147 (Mo.App.1974). The trial court has broad discretion in controlling voir dire examinations. *Williams v. State*, 558 S.W.2d 671 (Mo.App.1977); *State v. Hurd*, 550 S.W.2d 804 (Mo.App.1977). The true issue before us, therefore, is whether or not the trial court abused its discretion. Considering the scanty record of the conference before us, we must conclude that it did. Under almost identical circumstances, this court has held that where an insurance company has denied liability, is not conducting the defense of the case and is not party to the pending suit—as apparently is the situation here—it is reversible error to permit the plaintiffs' attorney to inquire as to whether any members of the jury panel have an interest in that insurance company. *Bennett v. Cauble*, 167 S.W.2d 959 (Mo.App. 1943). The result in *Bennett* was reached despite an admission by the defense counsel that he expected to pursue the claim with the insurance company under the terms of the policy if any judgment were recovered against his client.

But we find that the error here does not concern the issue of the City's liability for damages—only the amount of damages. The record is conclusive that the City caused raw sewage with its offal to flow on the Smiths' property since at least 1971. The City's employees charged with responsibility for its sewer system candidly admitted that the faulty system had discharged its stinking putrescibles on the Smiths' property and that the City had stored pipe on their ground.

Thus, we affirm the trial court's determination as to injunctive relief granted, and the trial court's and jury's findings as to liability against the City are affirmed. The cause is remanded for trial on the issue of damages only as to both counts.

REINHARD, P. J., and CLEMENS, J., concur.