**Helen WALKER, Appellant,**

v.

**Harold J. MEDER, Respondent.**

**No. 62174.**

Supreme Court of Missouri,
En Banc.

Dec. 15, 1980.

Rehearing Denied Jan. 13, 1981.

Samuel A. Goldblatt, William R. Kirby, St. Louis, for appellant.

Joseph H. Mueller and J. C. Jaeckel, St. Louis, for respondent.

DONNELLY, Judge.

In this damage suit for personal injuries claimed to have resulted from a vehicular collision on August 24, 1975, at the intersection of Seventh and Chestnut Streets in the City of St. Louis, appellant had a jury verdict for $25,000 at the conclusion of the trial on March 16, 1978. On March 21, 1978, respondent filed his Motion for Judgment in Accordance with Motions for Directed Verdict or in the Alternative for a New Trial. On June 2, 1978, the trial court entered the following order:

"Defendant's motion for judgment or in the alternative argued and overruled. Court orders plaintiff to remit the sum of Fifteen Thousand Dollars within 10 days, or defendant's motion for new trial on all issues will be sustained."

Appellant filed a notice of appeal on June 14, 1978, and on June 16, 1978, filed a memorandum refusing to remit.

On June 26, 1978, more than 90 days after respondent filed his motion for new trial, the trial court made the following record entry:

"The Court, having become apprised of the fact that plaintiff failed to remit the sum of Fifteen Thousand Dollars, now sustains defendant's motion for new trial on the grounds raised in Paragraphs 8, 10, 13, 14, 15, 16, 17, 18, and 19 of defendant's Motion for New Trial."

On direct appeal, the Eastern District of the Court of Appeals reversed the trial court and ordered judgment for plaintiff in the amount of $25,000. The cause was then ordered transferred to this Court. It will be determined here the same as on original appeal. Mo.Const. art. I, § 10.

In *Moore v. Glasgow,* 366 S.W.2d 475, 478 (Mo.App.1963), Judge Stone explained:

"In this jurisdiction, excessive verdicts fall into two categories, to wit, (1) verdicts reflecting *simple excessiveness,* where the jury has made an honest mistake in weighing the evidence as to injury and in fixing the damages and has awarded a disproportionate sum under the rule of uniformity, and (2) verdicts reflecting *excessiveness by misconduct,* where the result usually savors of bias and prejudice engendered during trial. Numerous Missouri cases recognize the vital distinction between the two categories of excessive verdicts and point out that *simple excessiveness* may be and usually should be cured by enforced remittitur, thus affording opportunity to avoid the delay and expense incident to retrial [*Jones v. Pennsylvania R. Co.,* 353 Mo. 163, 171, 182 S.W.2d 157, 159(5); *Bailey v. Interstate Airmotive, Inc.,* 358 Mo. 1121, 1135, 219 S.W.2d 333, 340, 8 A.L.R.2d 710], but that *excessiveness by misconduct* vitiates the verdict in its entirety, cannot be cured by remittitur, and necessitates a new trial on all issues. *Skadal v. Brown,* Mo., 351 S.W.2d 684, 690(14); *Walton v. United States Steel Corp.,* Mo., 362 S.W.2d 617, 627."

Paragraphs 8, 13, 14 and 17 of respondent's motion for new trial assert the verdict of the jury reflects *simple excessiveness.* Paragraphs 15 and 18 of respondent's motion for new trial assert the verdict of the jury reflects *excessiveness by misconduct.*

In our view, the order of June 2, 1978, cannot be reconciled, under *Moore, supra,* with the order of June 26, 1978, assuming it was timely (*see* Rule 78.06; *Highland Gardens Nur., Inc. v. North Amer. Dev., Inc.,* 494 S.W.2d 321, 324 (Mo.1973)), because the former ordered a remittitur, which could only be premised on *simple excessiveness,* and the latter expressly was premised on grounds that included *excessiveness by misconduct.*

In the particular circumstances of this case, we have concluded that the judgment of the trial court ordering a new trial must be affirmed. *Slusher v. United Electric Coal Companies,* 456 S.W.2d 339, 340 (Mo. 1970).

The question then is whether the new trial should be on the issue of damages only or on the issue of damages *and* on the issue of liability.

In *Artstein v. Pallo,* 388 S.W.2d 877, 882 (Mo. banc 1965), Judge Storckman stated the policy of the Court as follows:

"Our practice of permitting a new trial on less than all the issues is a salutary one if judiciously applied in situations where it is clear from the record that one or more of the issues have been properly considered and determined, and that a new trial limited to the remaining issues will not result in prejudice or injustice to a party."

We must recognize that by its order of June 2, 1978, the trial court evidenced its view that if a new trial is had, it should be "on all issues." In this circumstance, and on the record in this case, we decline to hold "that a new trial limited to the * * * [issue of damages] will not result in prejudice or injustice to a party." *Artstein, supra.*

The judgment is affirmed.

RENDLEN, SEILER, WELLIVER, MORGAN and HIGGINS, JJ., concur.

BARDGETT, C. J., concurs in result.