Willie WRIGHT, Plaintiff-Respondent,

v.

FOX–STANLEY PHOTO PRODUCTS, INC., Defendant-Appellant.

No. 44321.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 7, 1982.

John J. Hummel, St. Louis, for defendant-appellant.

Ray B. Marglous, Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Action for damages for personal injuries; verdict and judgment for plaintiff against defendant Fox-Stanley Photo, Inc., which has appealed and is hereinafter referred to as defendant.[1]

Defendant alleges error in giving Instruction 5 at plaintiff's request and in refusing Instruction B requested by defendant. Instruction 5 deals with the sufficiency of the evidence to support the submission that defendant drove at an excessive speed and that this excessive speed directly caused damage to the plaintiff. Instruction B deals with the withdrawal of plaintiff's medical bills from evidence due to plaintiff's failure to prove the necessity of the treatment and the reasonableness of the amounts. Defendant also contends the trial court erred in refusing to order a remittitur as the award of $315,000 to plaintiff was grossly excessive.

Defendant's main objection to Instruction 5 is in effect a claim that the submission of excessive speed was not supported by the evidence.

In determining whether the plaintiff's instruction is supported by substantial evidence, we must consider the evidence in the light most favorable to plaintiff and disregard defendant's evidence unless it tends to support the submission. *Yust v. Link,* 569 S.W.2d 236, 240 (Mo.App.1978). Viewed in this light, there is substantial evidence to support the instruction on excessive speed.

Plaintiff was driving a 22 foot long Dodge three quarter ton pickup truck going north on 21st Street in the City of St. Louis.

1. Judge Michael J. Hart filed a well reasoned legal memorandum explaining the basis for his overruling of defendant's motion for a new trial which we found very helpful.

The defendant's van was going east on Cole Street. Both plaintiff and defendant were familiar with the intersection. This was an uncontrolled intersection and the Beck Building on the southwest corner of the intersection obstructed the view of both drivers. The widths of both Cole and 21st Street was 35 feet 11 inches and the speed limit was 25 miles per hour. Plaintiff was driving between 20 and 25 miles per hour while approaching Cole Street. Before entering the intersection he reduced his speed to 10 to 15 miles per hour. Plaintiff continued into the intersection after checking for oncoming traffic, but he saw nothing because the Beck Building blocked his view. When plaintiff's truck was approximately 4 feet into the intersection he again looked to his left and noticed defendant's van travelling at approximately 30–35 miles per hour. At this point defendant's van was approximately 12 feet from the imaginary west curb line of 21st Street. Defendant's driver testified that he had reduced his speed to 20 miles per hour about one-half block before reaching the intersection and that he did not reduce his speed any further upon entering the intersection. He did not apply his brakes prior to the collision. Less than two seconds elapsed between the time plaintiff first saw defendant's van and the collision. At the time of the collision the front part of plaintiff's truck was slightly north of the imaginary center line of Cole Street. As a result of the collision plaintiff's heavier truck was moved to the northeast curb of 21st Street and Cole and defendant's lighter 17 foot van came to rest in the center of the intersection where the impact occurred. Plaintiff's truck sustained damage on the left side which extended from the front bumper to a portion of the left door. In addition, the engine in plaintiff's truck was dislodged. Defendant's van sustained considerable front end damage.

In essence, defendant argues that there is insufficient evidence in the instant case from which the jury could find that defendant's driver was operating the van at an excessive speed and that this speed was the proximate cause of plaintiff's injuries. It has been held that excessive speed is not the proximate cause unless it prevents the operator of the vehicle travelling at said excessive speed from avoiding the accident. *Bauman v. Conrad,* 342 S.W.2d 284 (Mo. App.1961), *See Gerdel v. Broccard,* 428 S.W.2d 492 (Mo.1968). However, in the instant case after a careful review of the aforementioned facts, we find there is sufficient evidence from which the jury could have inferred excessive speed. As stated, the accident occurred at an uncontrolled intersection and on a clear, dry day. Plaintiff decelerated before entering the intersection. He only saw defendant's vehicle after plaintiff was already in the intersection and estimated defendant's speed at 30–35 miles per hour. Also defendant's driver did admit to not reducing his speed upon entering the intersection. There was also a substantial basis for finding that the truck was in the intersection first and that the van was to the left of plaintiff's truck. At the time of the collision there was a City Ordinance requiring vehicles at intersections such as this to reduce their speed and that the vehicles on the left should yield to the vehicle on the right. In addition, § 304.351.2 RSMo 1978 requires that the driver of the vehicle on the left yield the right of way to the driver of the vehicle on the right when two vehicles enter an intersection at "approximately the same time." Plaintiff's heavier three quarter ton pickup truck sustained substantial damage and plaintiff also testified he tried to swerve to his right to avoid the collision. Therefore, the jury could have inferred excessive speed on the defendant's part. Defendant also argues that such alleged excessive speed was not the proximate cause of plaintiff's damages. While a causal connection must be proved by the evidence and not be left to mere speculation it is not necessary that there be direct proof of the fact itself. It is sufficient if the facts proved are of such a nature and are so connected and related to each other that the conclusion therefrom may be fairly inferred. *Watt v. St. Louis Public Service Company,* 354 S.W.2d 889 (Mo.1962). In a similar fact situation where

there was testimony that the driver was travelling between 35 and 40 miles an hour in a 25 mile an hour zone, that he did not reduce his speed prior to the collision and that the accident could have been avoided if he had not been speeding, the court in *Yust v. Link, supra* found that the submission of excessive speed was supported by substantial evidence. As such, we conclude the jury in the instant case could have found that under the aforementioned facts as to speed and position of the plaintiff's truck, location of defendant's van, visibility at the intersection, and clear weather condition, that defendant's driver could have avoided the accident. Therefore, we hold that there was sufficient evidence to support the submission of excessive speed made by Instruction 5. Point denied.

■ Defendant also argues the court erred in not giving withdrawal Instruction B regarding plaintiff's medical bills at St. Louis City Hospital and St. Mary's Health Center [2] in that plaintiff failed to prove the reasonableness and necessity of the treatments and amounts charged. The rule applicable to the issue at hand is well stated in *Briggs v. Baker*, 631 S.W.2d 948, 952 (Mo. App.1982), *Also See Wise v. Towse*, 366 S.W.2d 506, 508 (Mo.App.1963). "The general rule is that charges for medical services such as those before us must be supported by substantial evidence that they were reasonable and the services rendered necessary in order for them to be recoverable." We find there is such substantial evidence in the record before us from which the jury could have inferred that the accident caused the injuries to plaintiff's left shoulder, arm, hand and the ruptured disc in his lower back and that the treatments and bills for such injuries were reasonable and necessary. *Wise v. Towse, supra, Briggs v. Baker, supra*. There is ample evidence and testimony from plaintiff and his doctors that he sought medical treatment for these injuries and that these injuries resulted from the accident. *See DeMoulin v. Kissir,*

446 S.W.2d 162 (Mo.App.1969). Finally, substantial evidence that the charges were reasonable could be inferred from plaintiff's payment of said bills. *See Sparling v. Hoard,* 380 S.W.2d 940 (Mo.App.1964). The trial court was correct in refusing to submit the withdrawal instruction offered by defendant. Accordingly, the second point is ruled against defendant.

■ In his third point relied on, defendant urges that the jury verdict of $315,000 was excessive. In the context of verdicts, the term excessive has been interpreted as being that which is of such a magnitude that it shocks the conscience of the court. *Green v. Crunden Martin Mfg. Co.,* 575 S.W.2d 930, 934 (Mo.App.1978). Appellate review of an alleged excessive verdict is limited to a consideration of the evidence which supports the verdict excluding that which disaffirms it. *Strake v. R. J. Reynolds Tobacco Company,* 539 S.W.2d 715 (Mo.App.1976). In the instant case the record contains substantial expert medical testimony that plaintiff sustained permanent and disabling injuries to his left shoulder, arm, hand and the ruptured disc in his lower back. At the time of the collision plaintiff was 42 years old and employed by the City of St. Louis as a mechanic. Plaintiff used tools such as a ratchet, screwdrivers, hammers and open-end wrenches for repairing and testing various parts of city vehicles. In addition, some of his duties required lifting heavy items such as transmissions, engines, large wheels, and drums. As a result of the accident plaintiff suffered a loss of grip strength and a resultant inability to use and maneuver certain tools of his trade. Plaintiff also suffered a fifty percent limitation of motion in his back. Finally, the permanent disability to plaintiff's left hand and shoulder affected his ability to lift. By the date of the trial plaintiff had returned to his former employment as a mechanic but was placed on a "light duty status." The length of time during which he could continue this status

---

2. Appellant did not raise in his motion for new trial any hospital treatment, medical treatment or bills other than those at City Hospital and

St. Mary's Health Center. Accordingly, any allegations of error regarding any other bills were not preserved for review.

was unknown. Plaintiff had also encountered employment problems with management because of his inability to work. As there is no evidence of jury misconduct and no indication of bias or passion the verdict's size is no basis for a new trial. *Walker v. Meder,* 609 S.W.2d 390 (Mo. banc 1980); *Skadal v. Brown,* 351 S.W.2d 684 (Mo.1961). In view of the nature and extent of plaintiff's injuries, the resulting pain and suffering sustained and finally plaintiff's diminished earning potential, and job opportunities, we cannot say the verdict was excessive. Point denied.

Judgment affirmed.

GUNN and SIMON, JJ., concur.