**Daniel L. YSAGUIRRE, Respondent,**

v.

**Gary HUMMERT, Appellant.**

**No. 47406.**

Missouri Court of Appeals, Eastern District, Division Two.

March 20, 1984.

---

1. Pursuant to Rule 67.03, the trial court's dismissal of plaintiff's petition is without prejudice.

James J. Wilson, Robert H. Dierker, Jr., Michael E. Hughes, Mary E. Brown, St. Louis, for appellant.

Thomas J. Casey, Kenneth J. Heinz, St. Louis, for respondent.

CRIST, Presiding Judge.

Suit by respondent (plaintiff) against appellant (policeman) for assault and battery, false imprisonment, and malicious prosecution. Policeman counterclaimed for assault and battery. The jury found for policeman on plaintiff's petition, and for plaintiff on policeman's counterclaim. The trial court granted plaintiff a new trial on the assault and battery claim. Policeman appeals the adverse judgment on his counterclaim and the order granting a new trial on plaintiff's assault and battery claim. We reverse the grant of a new trial, and affirm on all other issues.

■ The assault and battery claim was submitted to the jury with an affirmative defense instruction, MAI–32.08, concerning consent of plaintiff to the actions of policeman. The question is whether there was evidence of plaintiff's consent, by words or conduct, to policeman's actions and the reasonable consequences thereof to support the giving of that instruction. We must view the evidence in the light most favorable to the giving of the instruction. *Wright v. Fox-Stanley Photo Products, Inc.*, 639 S.W.2d 407, 408 (Mo.App.1982).

At 12:30 a.m. on December 15, 1979, police were called to a disturbance at a wedding reception. When they arrived, several fights were occurring in the parking lot, which the police attempted to break up. As fights were broken up, new ones developed.

Policeman was an officer who responded to the call and attempted to restore order. He asked the participants in a fight to "break it up." One responded with a gutter epithet, whereupon policeman arrested him. While policeman was making the arrest, plaintiff swung around out of the crowd and hit policeman twice on the side of his face. Plaintiff then ran away, and policeman turned the subject he was arresting over to another officer and pursued plaintiff. Plaintiff turned towards policeman, who informed plaintiff he was under arrest. Plaintiff then said "Come on, pig. Come on," turned, and fled, policeman pursuing. Policeman caught and subdued plaintiff, hitting him in the head four times with a nightstick. Both plaintiff and policeman required medical attention after the incident.

Viewed favorably to the giving of the instruction, the evidence shows plaintiff initially struck policeman, and fled. When informed he was under arrest, plaintiff said "Come on, pig. Come on," and ran. When caught, plaintiff struggled with policeman, resisting arrest, and requiring the officer to use force to accomplish the arrest. Under these circumstances, there was sufficient evidence to support the affirmative defense plaintiff, by his conduct, consented to the actions of assault and battery by policeman. MAI 32.08. See *Calloway v.*

 

*Fogel,* 358 Mo. 47, 213 S.W.2d 405, 407–08 (1948).

 Policeman also claims the trial court erred in allowing evidence that the case had been set for trial five times before the counterclaim was filed. This evidence tended to show the counterclaim was filed as an afterthought. Its admission was not prejudicial to policeman. *Wehrli v. Wabash Railroad Company,* 315 S.W.2d 765, 774 (Mo.1958).

The order granting plaintiff a new trial on the assault and battery claim is reversed. The judgment, in all other respects, is affirmed.

PUDLOWSKI and SIMON, JJ., concur.