**Robert V. EAGLE, et al., Respondents,**

v.

**REDMOND BUILDING CORPORATION, Appellant.**

**No. WD 53263.**

Missouri Court of Appeals, Western District.

June 10, 1997.

John E. Redmond, Kansas City, for appellant.

Don A. Peterson, Kansas City, for respondents.

Before LAURA DENVIR STITH, P.J., and BRECKENRIDGE and HANNA, JJ.

LAURA DENVIR STITH, Presiding Judge.

Robert and Sandra Eagle contracted with Redmond Building Corporation for the construction of a new house. The Eagles were unsatisfied with the house as completed and filed a petition alleging that Redmond breached its contract with them by failing to construct the house in a workmanlike manner. They requested damages for cost of repair and for attorney's fees, as permitted by their contract, and submitted evidence

that they had spent $11,177.00 for repairs and $13,384.50 for attorney's fees.

On appeal, Redmond argues that this evidence was inadequate to support submission of the attorney's fee issue because it did not provide a basis on which the jury could determine whether the claimed attorney's fees were reasonable and necessary. Because prior cases decided by this Court explicitly hold that evidence that a party has paid attorney's fees constitutes *prima facie* evidence of their reasonableness and provides an adequate basis on which to submit the issue of attorney's fees to the jury, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As noted, the Eagles sued Redmond for breach of contract in failing to construct the Eagles' house in a workmanlike manner. During trial, the Eagles introduced evidence of the cost of repairs, evidence of the attorney's fees they had been charged and that they had paid those fees, and evidence that their contract entitled them to recover their attorney's fees.

At the instruction conference, Redmond's counsel asked that the issue of attorney's fees be withdrawn "based on the fact that there was no foundation laid for the submission of that evidence" in that:

the plaintiff has presented evidence of attorney's fees, but my objection to them being submitted is based on the fact that there was no foundation laid that the attorney's fees that were incurred were reasonable. If the Court recalls, the contract did specify that in the event of a breach, the prevailing party was or could seek reasonable attorney's fees. And for this reason, I would request that the issue be withdrawn based on the fact that there was no foundation laid for the submission of that evidence.[1]

Later in the instruction conference, counsel for Redmond added:

My argument with regard to the attorney's fees has previously been made. I

would also say that it doesn't—it doesn't limit the amount of the damages that the jury can award in this case solely based on the evidence of what the cost of repairs were, and it allows them to totally speculate on whether or not this figure that they heard from Mr. Butler is a part of it and a justifiable damage on the part of the plaintiffs. I think it is totally speculative in that respect.

. . . .

Just one additional comment, Your Honor, in that the—this is a modification of 4.02, and I don't see anywhere where there has been any evidence that it should be so modified in this respect, to include an award of attorney's fees.

Counsel for Redmond thus asked the court to give the following withdrawal instruction:

The evidence of the plaintiffs' attorney fees is withdrawn from the case and you are not to consider such evidence in arriving at your verdict.

The trial judge refused the withdrawal instruction because she believed that the evidence that plaintiffs had paid a certain attorney's fee constituted sufficient evidence to submit attorney's fees to the jury, stating:

Is there sufficient evidence to submit the issue of attorney's fees to the jury in this matter? There is not evidence that the fees that have been paid are fair and reasonable and necessary under the circumstances. However, [counsel for the Eagles] is correct in stating that, I think, it was Mr. Eagle [sic] testified that the attorney's fees have been paid and the amount of those attorney's fees.

. . . .

All I know is that—is that with medical bills, testimony that they have been paid is sufficient to present those amounts to a jury, and analogizing attorney's fees to medical fees, I'm going to go ahead and refuse the withdrawal instruction. . . .

The court thus gave the jury a damage instruction that was based on MAI 4.02, but modified by the Eagles to include a tail per-

---

1. The parties agreed in an addendum to the real estate sales contract that a nonbreaching party shall be entitled to the "recovery of reasonable attorney's fees." Neither party claims that the issue would not be one for the jury to decide if an adequate evidentiary foundation were laid.

mitting the jury to award attorney's fees. The jury returned a verdict for the Eagles of $24,561.50. This amount is the sum of the amounts which the Eagles claim to have spent on repairs and for attorney's fees.

In its motion for new trial, Redmond again raised the issue of the propriety of the submission of attorney's fees, arguing:

> The Court erred in giving [the damage instruction] ... in that there was no evidence the claimed attorney's fees were necessary or reasonable as required by the contract and this issue should have been withdrawn from the case.

> The issue of the reasonableness of attorney's fees is not one of which the jury has common knowledge, but evidence of the necessity for and reasonableness of the charges must be produced by the Plaintiff.

The trial court overruled the motion for new trial. This appeal followed.

## II. THE TRIAL COURT DID NOT ERR IN REFUSING TO WITHDRAW THE ISSUE OF ATTORNEY'S FEES FROM THE JURY

■ In its major point on appeal, Redmond argues that the trial court erred in submitting the issue of attorney's fees to the jury because the evidence offered by the Eagles that they had been charged and paid $13,384.50 in attorney's fees did not constitute an adequate evidentiary basis on which the jury could determine the reasonableness of the attorney's fees in question.[2] In support, Redmond notes that in *Grandview Bank & Trust Co. v. Midwest Plastering, Inc.,* 633 S.W.2d 259, 261–62 (Mo.App.1982), the court (in *dicta*) quoted with approval this Court's 1931 holding in *State ex rel. Sappington v. American Sur. Co.,* 41 S.W.2d 966, 969 (Mo.App.1931), that "[t]he fact that plaintiff paid an attorney's fee does not prove nor tend to prove the reasonable necessity for his employment, nor the reasonable value of such services as he may have rendered."

*See also State ex rel. First Nat'l Bank v. Flarsheim,* 137 Mo.App. 1, 119 S.W. 17 (1909).

■ As Redmond also recognizes, however, more recently this Court held in *Howard Constr. Co. v. Teddy Woods Constr. Co.,* 817 S.W.2d 556 (Mo.App.1991), that evidence that a party has paid a particular amount of attorney's fees *does* constitute *prima facie* evidence of the reasonableness of those fees. In *Howard,* the plaintiff did not offer expert testimony as to the reasonable value of the attorney's services rendered by counsel, nor did it offer evidence that the $50,000 fee requested by counsel was reasonable. Plaintiff did offer evidence that it had paid $39,924.88 of that fee, however. The court held that this provided a sufficient evidentiary basis on which to submit the issue of attorney's fees to the jury, stating:

> Evidence of payment of professional services is substantial evidence that the charges incurred were reasonable and necessary. *Wright v. Fox–Stanley Photo Products, Inc.,* 639 S.W.2d 407, 410 (Mo. App.1982). While *Wright* concerned payment of fees for medical services, the considerations are the same in regard to legal services. The evidence at trial supported the award of attorney fees to the extent of the fees paid in the amount of $39,924.88.

*Howard,* 817 S.W.2d at 564. We followed *Howard* in *Ford Motor Credit Co. v. Housing Auth. of Kansas City,* 849 S.W.2d 588, 597 (Mo.App.1993).

In holding the attorney's fee issue was submissible, neither *Howard* nor *Ford* acknowledged or distinguished the earlier cases, cited by Redmond, holding that evidence of payment of attorney's fees does not provide an adequate basis on which the jury can determine that the fees were reasonable. As is evident from the above quotation, however, *Howard* rejected the rationale underlying the holding in *Grandview* and similar

2. The Eagles contend that Redmond failed to provide this Court with a record sufficient to enable us to review the alleged error because Redmond failed to provide a trial transcript and therefore failed to show that the Eagles did not present other evidence of the reasonableness of their attorney's fees in addition to their evidence

that they had paid these fees. *See Sydnor v. Director of Revenue,* 876 S.W.2d 627, 628 (Mo. App.1994). Because we determine as a matter of law that evidence of payment of attorney's fees provides an adequate basis to submit the reasonableness of those fees to the jury, we need not reach this issue.

cases. Instead, it followed the rationale of cases permitting the jury to find medical bills were reasonable and necessary based on the fact that they had been paid.

This is the same rationale relied on by the trial court below in holding that a submissible case had been made on the issue of the reasonableness of attorney's fees. We also find that rationale persuasive. Accordingly, we hold that the issue of attorney's fees based on the evidence that such fees had been paid was properly submitted. To the extent that *Grandview* and similar cases hold otherwise, they have implicitly been overruled by *Howard* and we decline to follow them.

## III. APPELLANT FAILED TO PRESERVE HIS OBJECTIONS TO THE DAMAGE INSTRUCTION

■ Redmond also argues on appeal that, even if an evidentiary basis existed for submission of the attorney's fee issue to the jury, this case must be remanded for a new trial because of error in the damage instruction.

The damage instruction was modeled after MAI 4.02, which is to be given in cases alleging damages to property. The Eagles modified MAI 4.02, as permitted by the Notes on Use to that instruction, to instruct the jury to award them the cost of repair rather than the diminution in market value of their residence. The Eagles also added a clause to the end of the instruction permitting the jury to award them attorney's fees. The instruction, as submitted, provided:

If you find in favor of Plaintiffs, then you must award Plaintiffs such sum as you may find from the evidence to be the reasonable cost of repair of any damage to their residence *plus such sum as you may find from the evidence will fairly and just-*

*ly compensate Plaintiffs for their attorney's fees.*

(emphasis added).

On appeal, Redmond claims that this instruction was improper because: (1) attorney's fees are properly the subject of argument to the jury and are not properly included in a property damage instruction that measures damages by the cost of repair; and (2) the added language on attorney's fees compelled the jury to automatically award attorney's fees.

We need not reach either of these issues, for we agree with the Eagles that Redmond failed to preserve these points for review. Rule 70.03 states that "[c]ounsel shall make specific objections to instructions considered erroneous." Specific objections at trial are also required by Rules 78.07 and 78.09.

As noted in Section I of this opinion, counsel for Redmond objected to the submission of attorney's fees at length during the instruction conference, but did so only on the basis that the evidence was inadequate to support the submission of such fees. Redmond did not argue prior to submission that MAI 4.02 was not the proper instruction to use to submit such fees, that MAI 4.01 should have been given instead, or that the specific language used by the Eagles in modifying MAI 4.02 compelled the jury to award attorney's fees if they found for the Eagles.[3]

We also note that Redmond failed to raise the issue of the propriety of the language used, or the issue of whether MAI 4.02 or MAI 4.01 should have been used to submit such fees, in its Motion for New Trial. The motion stated only:

The Court erred in giving [the damage instruction] ... in that there was no evidence the claimed attorney's fees were necessary or reasonable as required by the contract and this issue should have been withdrawn from the case.

The issue of the reasonableness of attorney's fees is not one of which the jury has

---

3. While counsel for Redmond suggested during oral argument in this Court that his final comment raised the issue of the impropriety of modifying MAI 4.02, it is evident from the language used and the context that the reason for the objection was the lack of evidence of the reason-

ableness of attorney's fees incurred, not the alleged error in using MAI 4.02 as the basis for fees or in the language used to submit the fee issue. In any event, as discussed *infra*, Redmond failed to timely raise this point in its Motion for New Trial.

common knowledge, but evidence of the necessity for and reasonableness of the charges must be produced by the Plaintiff.

By this language Redmond adequately preserved the issue addressed in Section II, *supra*, of whether the evidence that the Eagles had paid $13,384.50 in attorney's fees made a submissible case on the issue of the reasonableness and necessity of such fees. This was not adequate to preserve the other issues raised on appeal, however, directed to the appropriateness of using and modifying MAI 4.02 in the manner submitted by the Eagles. Therefore, the latter issues are not preserved for our review. *See State ex rel. Missouri Highway & Transp. Comm'n v. Jim Lynch Toyota, Inc.*, 830 S.W.2d 481, 488 (Mo.App.1992).[4]

All concur.

[4.] While the latter issues were raised in Redmond's suggestions in support of its motion for new trial, those suggestions were not filed until after the time for filing the motion for new trial had expired. This would not preclude review had the suggestions simply expanded on arguments timely raised in Redmond's initial Motion. But where, as here, the suggestions raise new arguments not made in a timely filed Motion,

prior cases have held that the suggestions should be treated as an untimely attempt to file an amended motion for new trial, and that issues raised for the first time in such suggestions are not preserved for review. *See, e.g., Tobb v. Menorah Medical Center*, 825 S.W.2d 638, 642 (Mo. App.1992); *Houston v. Teter*, 705 S.W.2d 64, 67 (Mo.App.1985); *Pruitt v. Community Tire Co.*, 678 S.W.2d 424, 429 (Mo.App.1984).